## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PERCY R. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 cv 01856 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, THOMAS | ) | Magistrate Judge Gilbert |
| DART, in his individual and official capacity as Sheriff | ) | |
| of Cook County, GREGORY ERNST, in his individual | ) | |
| capacity, PATRICK FITZGERALD, in his individual | ) | |
| capacity, PATRICK MURPHY, in his individual | ) | |
| capacity, and the COUNTY OF COOK, a unit of local | ) | |
| government. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, PERCY R. TAYLOR, by his attorney H. Yvonne Coleman and the Law Office of H. Yvonne Coleman, P.C., files Plaintiff's First Amended Complaint for unlawful discriminatory and political employment practices and state law claim against Defendants COOK COUNTY SHERIFF'S OFFICE, THOMAS DART, in his individual and official capacity as Sheriff of Cook County, GREGORY ERNST, in his individual capacity, PATRICK FITZGERALD, in his individual capacity, PATRICK MURPHY, in his individual capacity, and the COUNTY OF COOK, a unit of local government.

## JURISDICTION AND VENUE

1.      Plaintiff is alleging violation of his civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. §2000 et. seq., (Count I) and 42 U.S.C. §1981 (Count II) for race discrimination and retaliation; various civil rights protections provided under

Section 1983 pursuant to 42 U.S.C. §1983, specifically; race discrimination, political discrimination, and retaliation; violation of his First Amendment right to freedom of speech, violation of his First Amendment right to freedom of political association; violation of his right to equal protection of the laws as guaranteed under the United States Constitution (Count III); malicious prosecution (Count IV); and, breach of contract (Count V).

2.      Jurisdiction is specifically conferred on this Court pursuant to 28 U.S.C. §1343 and Plaintiff's Illinois state law claim pursuant to the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.      Venue is proper in that the employment practices alleged to be unlawful were committed within the Northern District of Illinois.

**PARTIES**

4.      Plaintiff Percy R. Taylor is Black, of African American descent, and an employee of the Cook County Sheriff's Office.

5.      Defendant Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County is administered through various departments, one of which is the Cook County Sheriff's Office ("Sheriff's Office").

6.      At all times relevant herein, Defendant Thomas Dart ("Sheriff Dart") served in the elected position of Sheriff of Cook County, Illinois. Sheriff Dart is sued in his individual and official capacity as Sheriff of Cook County.

7.      Defendant Gregory Ernst is sued in his individual capacity. At all times relevant herein, Defendant Ernst was a Senior Investigator with the Sheriff's Office and acted under color of law.

8.     Defendant Patrick Fitzgerald is sued in his individual capacity. At all times relevant herein, Defendant Fitzgerald was in Investigator with the Sheriff's Office and acted under color of law.

9.     Defendant Patrick Murphy is sued in his individual capacity. At all times relevant herein, Defendant Murphy was Assistant Director with the Sheriff's Office and acted under color of law.

## ADMINISTRATIVE PREREQUISITES

10.     Plaintiff met all of the administrative prerequisites pursuant to Title VII of the Civil Rights Act, as amended, against Defendants Cook County and the Cook County Sheriff's Office by filing a Charge of Discrimination against the Cook County Sheriff's Office with the Equal Employment Opportunity Commission ("EEOC"). In his Charge, Plaintiff alleged that he was the victim of unlawful discrimination because of his race, Black (Exhibit 1).

11.     The EEOC issued a Notice of Right to Sue and Plaintiff commenced legal proceedings against the Defendant by filing his timely Complaint in federal court (Exhibit 2).

## STATEMENT OF FACTS

12.     Plaintiff began his employment with the Sheriff's Office on or about April 3, 1995, as a Deputy Sheriff. In January 2000, he was promoted to the non-exempt position of Police Officer which is the position he has held at all relevant times herein.

13.     Plaintiff's employment is governed by the Sheriff of Cook County's Employment Plan ("Employment Plan") which sets forth the general principles, policies, and procedures of applicants and employees of the Sheriff's Office.

14.    The Employment Plan states that non-exempt employees will not be subjected to any unlawful political discrimination.

15.    At all times relevant herein, Plaintiff was performing his job as Police Office satisfactorily.

16.    The Sheriff's Office of Professional Review ("OPR") conducts criminal and administrative investigations of all Sheriff's Office employees into allegations of violations of state and federal laws as well as violations of the General Orders of the Sheriff's Office.

17.    OPR employs investigators whose duties are as follows: conduct investigations by collecting pertinent information, gathering and maintaining evidence, managing crime scenes, conducting surveillance, compiling investigative files, conducting investigative interviews, consulting with prosecutors, consulting with other law enforcement agencies, and generating related reports.

### Plaintiff's Political Support of Sylvester Baker for Sheriff

18.    In 2010, Plaintiff had become extremely discouraged with the apathy regarding criminal activity in the African American community within the ranks of the Sheriff's Office and decided it was time to work for change. Therefore, he decided to support a candidate with police and law enforcement background and credentials who campaigned on a promise to focus on fighting crime in Cook County as a priority.

19.    When Plaintiff learned that Sylvester Baker ("Baker"), a former Cook County Sheriff's Police Sergeant, was running for Cook County Sheriff, he decided to campaign for Baker who ran against Sheriff Dart in 2010.

20.    Plaintiff supported Baker outside of his work hours and did not let his political activities interfere with this full-time employment at the Sheriff's Office.

4

21.     Sheriff Dart and the Defendants were aware that Plaintiff was supporting Baker in the election.

22.     Baker lost the election and Sheriff Dart was reelected in November 2010.

### The Incident on March 8, 2011

23.     On or about March 8, 2011, Plaintiff was falsely accused by Howard Woolfork ("Woolfolk"), a private citizen, of committing a criminal act by allegedly shooting BB or pellet gun at a vehicle Woolfolk was sitting in located in the backyard at 1915 S. Avers, Chicago, Illinois.

24.     Woolfolk contacted the Chicago Police Department ("CPD") and reported the incident. The CPD officer arrived at the scene, conducted an investigation, and completed an Incident Report.

25.     Upon information and belief, Woolfork informed the CPD officer that he and Plaintiff had been involved in personal disputes in the past.

26.     Upon information and belief, the CPD closed its investigation of the incident after speaking with Woolfolk.

27.     The CPD did not arrest Plaintiff.

28.     Because Woolfolk stated to CPD that the alleged offender was an employee of the Cook County Sheriff's Office, upon information and belief, the CPD notified the Sheriff's Communication Center and reported the incident.

29.     Plaintiff vehemently and honestly denied shooting a BB or pellet gun at any time or at any vehicle or committing any type of criminal act on or about March 8, 2011.

## **Plaintiff's Arrest on March 9, 2011 and Criminal Prosecution**

30.     On or about March 9, 2011, Gregory Ernst, an OPR Senior Investigator with the Sheriff's Office went to Plaintiff's private residence along with two other investigators and placed Plaintiff under arrest.

31.     OPR investigators handcuffed Plaintiff and eventually placed him in the back seat of a freezing cold car for more than one (1) hour while his wife and children watched in terror and anguish.

32.     OPR investigators took Plaintiff to their offices and handcuffed his left hand to the chair.

33.     Senior Investigator Ernst read Plaintiff his *Miranda* rights and then interviewed Plaintiff regarding the events of the previous day, March 8, 2011.

34.     Plaintiff was also interviewed by Sheriff Police Officer's Cameron Pon and Rochelle Parker.

35.     The OPR's custodial interrogation of Plaintiff lasted thirty (30) hours.

36.     Plaintiff fully cooperated with the OPR investigation by answering questions and he consented to a search of his vehicle and residence.

37.     Defendants Ernst, Fitzgerald, and Murphy had an unlawful motive which caused them to arrest, handcuff, restrain, and imprison Plaintiff.

38.     Plaintiff was subjected to a frivolous OPR investigation, false arrest, false charges, and malicious prosecution because of his race, Black.

39.     Plaintiff was subjected to a frivolous OPR investigation, false arrest, false charges, and malicious prosecution because he asserted his freedom of speech rights by campaigning for a political rival of Sheriff Dart.

40.     On or about March 18, 2011, Plaintiff learned that a criminal complaint was issued for his arrest for criminal damage to property and aggravated assault. He was picked up at his private residence by Police Officers Pon and Fitzgerald and taken to the Sheriff's Office for processing.

41.     Defendants made false statements against Plaintiff which caused him to be arrested and subjected to malicious prosecution.

42.     After Plaintiff's arrest, he was subjected to malicious prosecution on charges of criminal damage to property and aggravated assault.

43.     The criminal proceedings against Plaintiff were subsequently dismissed by the Cook County State's Attorney.

### Plaintiff's De-Deputization and Suspension

44.     On or about March 10, 2011, Plaintiff was stripped of his police powers and de-deputized which constituted an adverse employment action.

45.     Plaintiff was directed to attend a Loudermill pre-termination hearing on or about March 22, 2011.

46.     At the conclusion of the hearing, the Sheriff's Office sustained the charges and suspended Plaintiff, with pay, which constituted an adverse employment action.

### The Incident on September 16, 2011

47.     Plaintiff was detained at the Daley Courthouse, 50 West Washington Street, Chicago, Illinois after being falsely accused of a criminal battery on Deputy Sheriff David Nowacki ("Nowacki").

48.     On or about October 21, 2011, Nowacki filed a misdemeanor complaint against Plaintiff falsely accusing him of grabbing his hand and twisting it. This complaint was filed by Nowacki more than one month after the incident that occurred on September 16, 2011.

49.     Nowacki's actions were in concert with the Sheriff's Office and OPR and with the intent to cause embarrassment, humiliation, and emotional harm to Plaintiff because of his race and his political association.

50.     Plaintiff was maliciously prosecuted. At the conclusion of the trial on April 12, 2012, Plaintiff was acquitted and found "Not Guilty."

### COUNT I: TITLE VII RACE DISCRIMINATION
### Against Cook County Sheriff's Office

51.     Plaintiff adopts and incorporates by reference paragraphs 1 through 6 and 10 through 50 as paragraph 51 of Count I.

52.     Plaintiff was treated differently than similarly situated employees who are not Black or of African American descent.

53.     Upon information and belief, Jimmy Ollie (Caucasian) who is employed as a Police Officer with the Sheriff's Office was intoxicated while in a bar off-duty and committed an assault and battery on a patron in the bar. The Sheriff's Office was notified of the incident, however, Officer Ollie was not arrested, no internal investigation was conducted, and he was treated more favorably than Plaintiff because of his race.

8

54.     Upon information and belief, Robert Vaughn (Caucasian) who employed as a Police Officer with the Sheriff's Office was intoxicated at a casino while off-duty and committed an assault and battery on an Illinois State Police Officer. The Sheriff's Office was notified of the incident, however, Officer Vaughn was not arrested, no internal investigation was conducted, and he was treated more favorably than Plaintiff because of his race.

55.     Upon information and belief, Sergeant Kelly Mrovek (Caucasian) who is employed by the Sheriff's Office was intoxicated while driving a Cook County police vehicle while off-duty. The Sheriff's Office was notified of her arrest by the local police, however, the Sheriff's Office did not conduct an internal investigation, and Ms. Mrovek was treated more favorably than Plaintiff because of his race. Ms. Mrovek is a political supporter of Sheriff Dart.

56.     Upon information and belief, Robert Arrigo (Caucasian) is employed as a K9 officer with the Sheriff's Office. Arrigo stole money during the course of his employment. The Sheriff's Office was aware of his criminal activities, however, he was not arrested, no internal investigation was conducted, and Mr. Arrigo was treated more favorably than Plaintiff because of his race.

57.     Upon information and belief, John Olander (Caucasian) is employed as a Police Officer with the Sheriff's Office. Olander was arrested by the local police where he resides. The Sheriff's Office was notified of his arrest; however, the Sheriff's Office did not conduct and internal investigation. Mr. Olander received a promotion and was treated more favorably than Plaintiff because of his race. Mr. Olander is a political supporter of Sheriff Dart.

58.     Upon information and belief, Sergeant Randall Pochie (Caucasian) is employed by the Sheriff's Office and was accused of attaching swastikas to his home and threatening his Jewish neighbors. The Sheriff's Office was notified of Sergeant Pochie's criminal conduct;

9

however, the Sheriff's Office did not conduct and internal investigation. Sergeant Pochie was treated more favorably than Plaintiff because of his race. Sergeant Pochie is a political supporter of Sheriff Dart.

59.     Upon information and belief, Sergeant Charles Little (Caucasian) is employed by the Sheriff's Office and was accused of striking a criminal suspect with a gun which discharged. This act was a serious violation of standard operating procedures. The Sheriff's Office was notified of the violation; however, the Sheriff's Office did not conduct an internal investigation. Sergeant Little was treated more favorably than Plaintiff because of his race. Sergeant Little is a political supporter of Sheriff Dart.

60.     Upon information and belief, Patrick Dwyer (Caucasian) is employed as a Police Officer with the Sheriff's Office. Officer Dwyer intentionally failed to follow a direct order and his insubordination, omissions, and his deliberate misconduct resulted in the death of two citizens. The Sheriff's Office was notified of the incident and the deaths that resulted from Officer Dwyer's deliberate misconduct; however, he was treated more favorably than Plaintiff because of his race. Officer Dwyer is a political supporter of Sheriff Dart.

61.     Upon information and belief, Anthony Brzeniak (Caucasian) is employed as a Police Officer with the Sheriff's Office. Officer Brzeniak was driving a police vehicle intoxicated, crashed the vehicle, and left the scene. The Sheriff's Office was notified, however, Officer Brzeniak was not arrested, the Sheriff's Office did not conduct and internal investigation, and Officer Brzeniak was treated more favorably than Plaintiff because of his race. Officer Brzeniak is a political supporter of Sheriff Dart.

62.     Upon information and belief, David Cappelli (Caucasian) is employed as an Investigator with the Sheriff's Office. Officer Cappelli was accused of engaging in unlawful

criminal activity that occurred during the course of his employment, however, Investigator Cappelli was not arrested and he was treated more favorably than Plaintiff because of his race.

63.     Upon information and belief, Robert Vivolich (Caucasian) is employed as a Police Officer with the Sheriff's Office. Officer Vivolich was driving while intoxicated resulting in a collision. The Sheriff's Office was notified of the accident, however, Officer Vivolich was not arrested, no internal investigation was conducted, and Officer Vivolich was treated more favorably than Plaintiff because of his race. Officer Vivolich is a political supporter of Sheriff Dart.

64.     Plaintiff was subjected to disciplinary and adverse employment actions because of his race, Black.

65.     Defendant discriminated against Plaintiff by denying him the same treatment and the same employment opportunities as other similarly situated employees because of his race.

66.     The effect of Defendant's discriminatory and adverse employment practices has denied Plaintiff equal employment opportunities and other positive benefits of employment because of his race.

67.     As a direct result of Defendant's discriminatory and adverse employment practices, Plaintiff has suffered mental pain and suffering and has been humiliated, embarrassed, and otherwise mentally degraded.

68.     Defendants intentionally and knowingly discriminated against Plaintiff in the terms and conditions of his employment.

WHEREFORE, Plaintiff prays that this Court:

a.     Declare that the acts and practices complained of herein are violations of Title VII of the Civil Rights Act, as amended;

11

b. Enjoin and permanently restrain Defendant, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates based on race;

c. Direct Defendant to make Plaintiff whole for all earnings and benefits he would have received but for Defendants' discriminatory treatment;

d. Award Plaintiff back pay, prejudgment interest, and damages for all employment benefits he lost;

e. Award Plaintiff compensatory, and punitive damages if appropriate;

f. Award reasonable attorneys' fee and costs; and,

g. Order any other relief that the Court deems just and equitable.

## COUNT II: SECTION 1981 DISCRIMINATION
### Against All Defendants

69. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 and 12 through 68 as paragraph 69 of Count II.

70. Defendant, through its discriminatory acts, deprived Plaintiff of his civil rights because of his race, Black.

71. Plaintiff has suffered loss wages and benefits, emotional distress, embarrassment, and humiliation due to the Defendants' discriminatory employment practices.

WHEREFORE, Plaintiff prays that this Court:

a. Award loss income, wages, and benefits;

b. Award compensatory, and punitive damages if appropriate;

c. Award reasonable attorney's fees and costs; and

d. Order any other relief that the Court deems just and equitable.

12

## COUNT III: SECTION 1983 CIVIL RIGHTS VIOLATIONS
### Against All Defendants

72.     Plaintiff adopts and incorporates by reference paragraphs 1 through 9 and 12 through 68 as paragraph 72 of Count III.

73.     Defendants, through their discriminatory actions, deprived Plaintiff of his civil rights because of his race.

74.     Defendants, through their discriminatory actions, deprived Plaintiff of his civil rights by discriminating against him because of his political association.

75.     Defendants, through their discriminatory actions, deprived Plaintiff of his civil rights by retaliating against him because of his political association.

76.     Defendant deprived Plaintiff of the equal protection of the laws as guaranteed by the United States Constitution.

77.     Defendants, through their illegal actions, violated Plaintiff's right to free speech and free association as guaranteed by the First Amendment to the Constitution.

78.     At all times relevant herein, Defendants acted as employees, supervisors, managers, and policymakers for the Cook County Sheriff's Office.

79.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by subjecting Plaintiff to a frivolous investigation, false charges, and malicious prosecution.

80.     Defendants' actions reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination against individuals based on their race.

81.     Defendant Sheriff Dart is a policy maker for the Sheriff's Department and has final policy making authority.

13

82.     The actions of the Defendants violated Plaintiff's equal protection right to be free from discrimination based on his race under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

83.     At all relevant times herein, all Defendants acted under color of state law.

84.     The actions of Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. §1983.

85.     Plaintiff has suffered loss wages and benefits, severe mental anguish, emotional distress, and humiliation due to the Defendants' discriminatory employment practices.

WHEREFORE, Plaintiff prays that this Court:

a.  Award loss income, wages, and benefits;

b.  Award compensatory and punitive damages;

c.  Award reasonable attorney's fees and costs; and

d.  Order any other relief that the Court deems just and equitable.

## COUNT IV: MALICIOUS PROSECUTION
### Against All Defendants

86.     Plaintiff adopts and incorporated by reference paragraphs 1 through 9 and 12 through 50 as paragraph 86 of Count I.

87.     Defendants caused criminal charges to be brought against Plaintiff.

88.     Defendants falsely and maliciously without probable or reasonable cause, and without conducting an honest investigation regarding Plaintiff's guilt, participated in, caused, and aided in Plaintiff's prosecution.

89.     Plaintiff was acquitted and found "Not Guilty" on April 12, 2012 of the charge against him for the September 16, 2011 incident.

90. The actions of Defendants caused Plaintiff severe mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience and other damages.

WHEREFORE, Plaintiff prays that this Court:

a. Declares that the prosecution of Plaintiff was malicious and violated state law;

b. Enjoin and permanently restrain Defendants, and all persons in active concert or participation with Defendants, from engaging in any malicious prosecutions;

c. Direct Defendants to make Plaintiff whole by providing appropriate earnings, benefits, and lost wages caused by Defendants' malicious prosecution;

d. Award Plaintiff compensatory damage, and punitive damages against the individual Defendants;

e. Award reasonable attorney's fees and costs; and

f. Order any other relief that the Court deems just and equitable.

### COUNT V: BREACH OF CONTRACT
### Against Defendant County of Cook and Sheriff Dart

91.     Plaintiff adopts and incorporated by reference paragraphs 1 through 6, 12, 13, 14, 15, and 18 through 50 as paragraph 91 of Count V.

92.     The Employment Plan implemented by the Sheriff's Office constitutes an agreement with Plaintiff to treat him in accordance with its terms and provisions.

93.     Plaintiff has performed all duties, promises, and obligations required of plaintiff in the agreement.

94. Defendant Sheriff's Office and Sheriff Dart breached the terms of the Employment Plan by failing to prevent unlawful political discrimination and failing to comply with the Constitution and other relevant laws and court orders pertaining to political discrimination.

95.     Defendants breach was willful since it clearly knew its obligations under the Employment Plan with Plaintiff and it consciously disregarded those obligations in taking adverse employment actions and prosecuting criminal charges against him based on political association.

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiff's favor and against the Sheriff's Office and Sheriff Dart for its breach of the Employment Plan, award compensatory damages, reasonable attorney's fees, and whatever further relief this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts and claims raised by his First Amended Complaint.


Respectfully submitted,


PERCY R. TAYLOR


s/ H. Yvonne Coleman
Attorney for Plaintiff


H. Yvonne Coleman (Atty. No. 6199553)
Law Office of H. Yvonne Coleman, P.C.
208 S. Michigan Avenue
Suite 1400
Chicago, Illinois 60604
Office:     312-338-1908
Facsimile: 312-338-1909
Email:     hyclawgroup@gmail.com

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 846-2012-09954 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Percy Taylor** | **(773) 542-9541** | **06-14-1962** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1916 S Hamlin, Chicago, IL 60623** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **COOK COUNTY SHERIFF** | **500 or More** | **(708) 865-4700** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1401 S Maybrook Dr, Maywood, IL 60153** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **11-18-2011**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about April 3, 1995. My current position is Police Officer. I was subjected to different terms and conditions of employment, including, but not limited to, being arrested by Respondent, having police powers taken away, sand being suspended, while similarly situated non-Black employees were not subjected to similar terms and conditions of employment and were not suspended.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

NOV 1 8 2011

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| **Nov 18, 2011**  Date — *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT 2

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Percy Taylor<br>1916 South Hamlin, Apt. 3<br>Chicago, IL 60623 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 846-2012-09954 | Shuwn Hayes,<br>Investigator | | (312) 869-8036 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*                    12/18/12

Enclosures(s)

**John P. Rowe,**
**District Director**                    (Date Mailed)

cc:     **COOK COUNTY SHERIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Plaintiff's First Amended Complaint with the United States District Court for the Northern District of Illinois by using the Case Management/Electronic Case Filing (CM/ECF) system and thereby served the following counsel of record and registered ECF filers:

Shandra Leary
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602

on October 16, 2013                           s/ H. Yvonne Coleman