**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PERCY R. TAYLOR                              )
                    Plaintiff,        )        No. 13 C 1856
                           )
V.                                           )        Judge Andrea Wood
                           )
COOK COUNTY SHERIFF'S OFFICE, TOM            )        Magistrate Judge Gilbert
DART, in his individual and official capacity as )
Sheriff of Cook Count, GREGORY ERNST, in     )
his individual capacity, PATRICK FITZGERALD, )
in his individual capacity, PATRICK MURPHY,   )
in his individual capacity, and the COUNTY OF )
COOK, a unit of local government,            )
                           )
                  Defendants.        )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

      Plaintiff, PERCY R. TAYLOR, by and through his undersigned attorney, respectfully submits his Response to the Motion to Dismiss filed by Defendants. In support, Plaintiff states as follows:

**I.**      <u>**INTRODUCTION**</u>

      Plaintiff Percy R. Taylor ("Taylor") brings this cause of action against the Defendants alleging: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq*. against the Cook County Sheriff's Office as Count I; (2) race discrimination in violation of 42 U.S.C. §1981 against all Defendants as Count II; (3) violations of his constitutional rights to equal protection, freedom of speech, and freedom of political association against all Defendants as Count III; and, violations of Illinois state law for malicious prosecution as Count IV and breach of contract as Count V.

## II.   **BACKGROUND**

Plaintiff Taylor began his employment with the Cook County Sheriff's Office in 1995. At all times relevant to this lawsuit, Taylor held the position of Police Officer with the Sheriff's Office.[1] In 2010, Taylor decided to support an African American candidate for Cook County Sheriff who was running against Defendant Sheriff Thomas Dart.  In March 2011, while still an employee of the Sheriff's Office under Sheriff Dart's administration, Taylor was falsely arrested, detained, and interrogated for thirty (30) hours by Defendants based on a false accusation that he vehemently and consistently denied. There were no allegations of personal injuries to anyone. Criminal proceedings were initiated against Taylor for the alleged offense and those charges were subsequently dismissed.  Taylor's employer, the Cook County Sheriff's Office, treated him like a common criminal.  He was stripped of his police duties, de-deputized, and suspended causing severe emotional harm.

Later, in September 2011, while still an employee of the Sheriff's Office under Sheriff Dart's administration, Taylor was falsely accused of a criminal battery by another Sheriff employee.  Again, criminal misdemeanor charges were levied against Taylor and he was subsequently found "not guilty" of those charges.

Taylor filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the Cook County Sheriff subjected him to different terms and conditions of employment  by treating similarly situated employees of the Cook County Sheriff's Office who are not in Taylor's protected class more favorably.

---

[1] At the time of the filing of the instant Complaint, Taylor was still working as a Police Officer. However he was terminated in October 2013 after an administrative hearing with the Sheriff's Merit Board.

Taylor, along with his wife and children, has filed a lawsuit in state court against the Cook County Sheriff and eight (8) employees of the Sheriff's Office. Other than the Cook County Sheriff, only two (2) of the same Defendants named in the state court case are named in this federal lawsuit. The issues in the state claims do not address and will not adjudicate the Title VII discrimination and federal constitutional violations alleged in this case. The state court lawsuit is based solely on personal injury claims resulting from false arrest, false imprisonment, intentional infliction of emotional distress, and malicious prosecution. There is no similarly between the issues or claims within the state court and federal court lawsuits with the exception of the tort claim for malicious prosecution.

## III.  <u>LEGAL STANDARD</u>

In a Rule 12(b)(6) motion to dismiss, the Court accepts as true the complaints well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007); *McReynolds v. Merrill Lynch,* 694 F.3d 873, 879 (7th Cir. 2012); and, *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013). To properly state a claim for relief, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to dismiss under Federal Rule 12(b)(6) must be denied if the complaint contains allegations that state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To determine whether a complaint meets the standard, the "reviewing court must draw on its judicial experience and common sense. " *Ipbal,* 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *Id.* Clearly, Taylor's First Amended Complaint pleads more than sufficient facts to support his claims for race and political discrimination, constitutional

violations of freedom of speech and freedom of political association, malicious prosecution, and breach of contract to survive the Defendants' motion to dismiss.

## IV.     ARGUMENT

### This case should not be dismissed based on the abstention doctrine

The Defendants argue that Taylor's federal court lawsuit should be dismissed because Taylor has filed a lawsuit in state court in the Circuit Court of Cook County litigating the same issues.  As stated above, the claims and issues presented in the state court proceeding are not the same as those presented in the instant case.  Here, Taylor alleges federal statutory violations of Title VII race discrimination based on disparate treatment, Section 1981 race discrimination, Section 1983 political discrimination, and violations of his Constitutional rights of equal protection to freedom of speech and freedom of association.  Under the Court's supplemental jurisdiction, Taylor's Complaint includes Illinois state law claims of malicious prosecution and breach of contract.

Taylor's state court lawsuit consists solely of tort claims and it involves additional parties on both sides – plaintiffs and defendants – who are not parties to this lawsuit. Thus, the pending state court proceedings do not afford Taylor an adequate opportunity to assert the federal legal claims presented in this case.

Contrary to Defendant's contention, dismissal of this case is not warranted under the *Colorado River* abstention doctrine.  In *Colorado River Water Conservation Dist. V. United States,* 424 U.S. 800 (1976), the Supreme Court held that the pendency of an action in state court is generally no bar to proceedings concerning the same matter in a federal court lawsuit.   Under the *Colorado River* analyses, when state court and federal court actions are so similar that they can be deemed parallel, the court may consider whether the state court action is more

comprehensive, such that granting of relief in the state forum would dispense with the claims in the federal forum. *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.* 180 F. 3d 896, 898 (7th Cir. 1999). The Court in *Colorado River* recognized that under a limited exception, deference is warranted if there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Clark v. Lacy,* 376 F. 3d 682, 686 (7th Cir. 2004). Taylor's state court lawsuit will only dispose of his tort claims.

In *Colorado River,* the Court articulated the following factors to consider in determining whether a stay or dismissal of the federal case is warranted: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law, state or federal; (6) whether the state court will protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence of absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.* 962 F.2d 698, 701 (7th Cir. 1992). The balance should be heavily weighted in favor of exercising jurisdiction. *Moses h. Cone Mem'l. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983).

Using the *Colorado River* balancing test, the factors do not warrant dismissal of Taylor's case. Taylor's state court suit includes claims of false arrest/false imprisonment, malicious prosecution, intentional infliction of emotional distress, and *respondeat superior.* The only similar claim to this federal court case is for malicious prosecution. Therefore, the state court and federal court claims are not parallel. Further, the first and tenth factors in the analyses have no application given the facts of the instant case. There is no property at issue that the state would have assumed jurisdiction and the federal claim is neither vexatious nor contrived.

Arguably, the factors indicate that Taylor's malicious prosecution claim should be stayed pending the state court disposition of that claim.

None of the other factors warrant a stay or dismissal either. There is no inconvenience of the federal forum since both plaintiff and defendants are residents of Illinois. There will be no piecemeal litigation since a ruling on the state law claims of false arrest/false imprisonment, intentional infliction of emotional distress and *respondeat superior* have no bearing on this Court's ability to rule on Taylor's claims for Title VII race discrimination, Section 1981 discrimination, Section 1983 Civil Rights violations and breach of contract. At best, arguably, a stay would be proper on the claim of malicious prosecution since a ruling on that claim in state court would affect the ruling of this court. However, such a dismissal or stay of those state law claims by this Court would be premature at the complaint stage.

The source of governing law in state court is state law, while the governing law in this court is both federal and state law. The state court will be unable to protect the federal plaintiff's rights since there are no federal claims at issue in the state court proceeding. The state court claim has progressed at the same rate as this instance case since motions to dismiss were filed in both cases. Concurrent jurisdiction is present since the state court has subject matter jurisdiction over state law claims and federal court has jurisdiction over the state law claims based upon supplemental jurisdiction. Lastly, removal is not available since there is no diversity between the parties. After a thorough analysis of the ten factors, neither a stay nor dismissal is warranted in this matter. However, should the court disagree, the Seventh Circuit has held that a stay, instead of dismissal, is the appropriate procedure, since a stay keeps the federal forum available if the state court action does not result in a final judgment. *Rosser v. Chrysler,* 864 F.2d 1299, 1308 (7th Cir. 1988).

**Plaintiff properly stated an official capacity claim under *Monell*.**

Under *Monell v. N.Y. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), [a] local governing body may be liable for monetary damages under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority. Plaintiff's amended complaint sufficiently pleads facts that are premised on the last two grounds: (2) widespread practice and (3) an official with final policy-making authority.

To state a widespread practice claim under *Monell*, plaintiff must allege "facts tending to show that the policymakers were aware of the behavior of the [discrimination] or that the activity was so persistent and widespread that policymakers should have known about the [discrimination]. *Hall v. City of Chicago*, 2013 WL 5835932, p. 6 (N.D. Ill. 2013), citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 505 (7th Cir. 2001). "If the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work." *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir.2005); see also *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir.1995) ("The usual way in which an unconstitutional policy is inferred, in the absence of direct evidence, is by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned, thus in either event adopting, the misconduct of subordinate officers.").

In this case, the First Amended Complaint sets out sufficient facts for the Court to infer that the Cook County Sheriff's Office has a widespread practice of treating African-American

7

police officers differently than the Caucasian police officers. Taylor established this widespread pattern and practice in paragraphs 53-63 of his First Amended Complaint by stating eleven (11) different instances where Caucasian police officers were involved in illegal activities while either on or off-duty and were not arrested nor investigated by the Sheriff's Office. At least eleven instances of turning a blind eye towards the criminal activity of Caucasians while arresting, detaining, de-deputizing, and humiliating African-American officers such as Plaintiff constitute sufficient allegations of a widespread practice or policy. Furthermore, Taylor alleges in his amended complaint that Sheriff Dart is a policymaker with final policymaking authority. Sheriff Dart was aware of all eleven instances and took no action. Thus, Taylor has properly stated official capacity claims under *Monell*.

### Plaintiff Stated a Claim for Breach of Contract in Count V

Plaintiff properly stated a claim for breach of contract in Count V of his First Amended Complaint. The elements of a breach of contract claim under Illinois law are: (1) the existence of a contract, (2) the performance of its conditions by the plaintiff, (3) a breach by the defendant, and (4) damages as a result of the breach. *Schlessinger v. Chicago Housing Authority*, 2013 WL 2434704, p. 9 (N.D. Ill. 2013), citing *Am. Safety Cas. Ins. Co. v. City of Waukegan*, 776 F.Supp.2d 670, 707 (N.D. Ill. 2011) citing *Roberts v. Adkins,* 397 Ill. App. 3d 858, 336 Ill. Dec. 946, 921 N.E.2d 802, 811 (Ill. App. Ct. 2010). Plaintiff has pleaded each of these elements. The Employment Plan implemented by the Sheriff's Office constituted an agreement with Plaintiff. Plaintiff performed all duties, promises and obligations required of him in the agreement. Defendant Sheriff's Office and Sheriff Dart breached the terms of the Employment Plan by failing to prevent unlawful political discrimination and failing to comply with the Constitution and other relevant laws and court orders pertaining to political discrimination. Defendants'

actions caused plaintiff damages by taking adverse employment actions and prosecuting criminal charges against him based on political association. Therefore, this Court should deny Defendants' motion to dismiss Count V for breach of contract.

### Plaintiff's State Law Claims are not Time Barred

Defendants erroneously assert that Plaintiff's state law claims in Counts IV and V are subject to the statute of limitations and should be dismissed. In support of their argument, Defendants claim that under the Illinois Tort Immunity Act, "civil actions" commenced against local entities or employees of a local entity "must be commenced within one year from the date that the injury was received or the cause of action accrued." In Plaintiff's amended complaint, Count IV is a claim for malicious prosecution. A cause of action for malicious prosecution does not accrue until the criminal proceeding at issue is terminated in plaintiff's favor. *Thurmond v. Mills*, 570 F.Supp.2d 1045, 1046 (N.D. Ill 2008), citing *Sneed v. Rybicki*, F.3d 478, 481 (7th Cir. 1998). The criminal proceeding at issue was terminated in plaintiff's favor on April 12, 2012 when he was acquitted and found "Not Guilty." Plaintiff's Complaint was filed in federal court on March 8, 2013, which is within the one-year statute of limitations for state law claims under the Illinois Tort Immunity Act.

Furthermore, the Illinois Tort Immunity Act is not applicable to claims for breach of contract. Specifically, the Act states that "nothing in this Act affects the liability, if any, of a local public entity or public employee based on …contract." 745 Ill. Comp. Stat. 10/2-101(a). Thus, the Tort Immunity Act does not bar Count V of Taylor's amended complaint for breach of contract and neither Count IV nor V should be dismissed for being outside the applicable limitations periods.

**V.**     <u>**CONCLUSION**</u>

Defendants have failed to establish that Plaintiff has not stated a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

PERCY R. TAYLOR

By: <u>/s/   H. Yvonne Coleman</u>
       H. Yvonne Coleman

H. Yvonne Coleman (Attorney No. 6199553)
Law Office of H. Yvonne Coleman, P.C.
208 S. LaSalle Street, Suite 1400
Chicago, Illinois 60604
Office: 312- 338-1908
Fax:     312-338-1909
Email:   hyclawgroup@gmail.com