IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERCY R. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-01856 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| COOK COUNTY SHERIFF'S OFFICE, ) | |
| THOMAS DART, in his individual capacity ) | |
| and in his capacity as Sheriff of Cook County, ) | |
| GREGORY ERNST, in his individual ) | |
| capacity, PATRICK FITZGERALD, in his ) | |
| individual capacity, PATRICK MURPHY, ) | |
| in his individual capacity, and the COUNTY ) | |
| OF COOK, a unit of local government, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Percy Taylor, an employee of the Cook County Sheriff's Office ("Sheriff's Office"), alleges that he was subjected to discriminatory treatment because of his race and his support for a political opponent of the current Sheriff, Defendant Thomas Dart. Taylor alleges multiple incidents of discriminatory treatment, including the filing of unfounded criminal charges against him on two occasions, an arrest, harassing investigations, the stripping of his police powers, and a suspension. His complaint seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and 42 U.S.C. § 1983; and also asserts claims under Illinois common law for malicious prosecution and breach of contract. Taylor names Dart, the deputies who allegedly acted in concert with him, and Cook County as Defendants. Dart and his deputies now seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons discussed below, the motion is granted in part and denied in part.

**BACKGROUND**

As set forth in the First Amended Complaint,[1] Taylor was employed as a police officer for the Sheriff's Office on March 8, 2011 when a private citizen accused him of shooting a BB gun at a car that the citizen occupied at the time. (First Am. Compl. ¶¶ 12, 23, Dkt. No. 20.) The citizen called the police. (*Id.* ¶ 24.) Chicago police officers came to the scene and investigated but made no arrests. (*Id.* ¶¶ 24, 27.) The officers did, however, report the incident to the Sheriff's Office. (*Id.* ¶ 28.) The next day, Defendant Gregory Ernst, a senior investigator with the Sheriff's Office of Professional Review ("OPR"), came to Taylor's home and arrested him. (*Id.* ¶ 30.)

Taylor's complaint does not specify the roles that individual officers played in the events that followed. However, he does allege that he was made to sit in the back of an unheated car for more than an hour while his wife and children watched and then was taken to an OPR office where he was interrogated for 30 hours. (*Id.* ¶¶ 31, 35.) According to Taylor, Ernst and two other Sheriff's Office employees, Defendants Patrick Fitzgerald and Patrick Murphy, "had an unlawful motive which caused them to arrest, handcuff, restrain, and imprison [him]." (*Id.* ¶ 37.) Taylor was subsequently charged with aggravated assault and criminal damage to property, and suspended from his job without pay. (*Id.* ¶¶ 42, 46.) The charges were later dismissed by the Cook County State's Attorney. (*Id.* ¶ 43.)

Taylor also complains of a second incident. On October 21, 2011, he was falsely accused of battery by Sheriff's Office deputy David Nowacki. (*Id.* ¶¶ 47-48.) Nowacki claimed that Taylor grabbed and twisted his hand at the Daley Center courthouse in downtown Chicago on September 16, 2011. (*Id.* ¶ 48.) According to Taylor, Nowacki's accusation was "in concert with

---

[1] For purposes of this motion, the Court accepts the allegations of the First Amended Complaint as true and draws all permissible inferences in Taylor's favor. *See, e.g.*, *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).

the Sheriff's Office and OPR" and was intended to cause him embarrassment, humiliation, and emotional harm. (*Id.* ¶ 49.) Taylor went to trial on the September 2011 battery charge and was found not guilty. (*Id.* ¶ 50.)

With his present lawsuit, Taylor alleges that the Sheriff's Office investigations and charges that followed the two incidents described above were motivated by his race and by the fact that he had supported Sylvester Baker, who opposed Dart in the November 2010 election for Sheriff. He has brought claims for race-based discrimination under Title VII and 42 U.S.C. §§ 1981 and 1983. He further asserts that, to the extent the adverse actions were taken against him because of his political associations, those actions deprived him of his First Amendment rights and thus the responsible parties should be held accountable under § 1983. Taylor also contends that the pursuit of criminal charges against him constituted the tort of malicious prosecution under Illinois law. And finally, he claims that his employment was governed by an employment plan that protected him from political discrimination and that the actions taken against him breached the contract formed by that plan. Taylor seeks relief from the Sheriff's Office for his Title VII claim; from the Sheriff's Office, Dart, Ernst, Fitzgerald, Murphy, and Cook County for the § 1981, § 1983, and malicious prosecution claims; and against Dart and Cook County for the breach of contract claim. Cook County has not responded to Taylor's complaint; the remaining defendants seek its dismissal.

## DISCUSSION

As an initial matter, Defendants argue that the pendency of a related case in the Circuit Court of Cook County requires dismissal of this case pursuant to the *Colorado River* abstention doctrine. That doctrine, defined by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), provides a narrow exception to the general rule

that the fact that an action is pending in state court does not bar proceedings concerning the same matter in federal court. *Huon v. Johnson & Bell, Ltd.,* 657 F.3d 641, 645 (7th Cir. 2011) (citing *Colorado River,* 424 U.S. at 817). Although the doctrine allows a federal court to decline to exercise its jurisdiction in the interest in preserving judicial resources, the propriety of abstention must be shown by "the clearest of justifications." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 25 (1983).

To determine whether abstention is appropriate, a district court must first evaluate whether the federal and state cases are parallel. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). "[T]he question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* at 499 (citing *Clark v. Lacy,* 376 F.3d 682, 686 (7th Cir. 2004)). If there is any doubt about the parallel nature of the state suit, that doubt should be resolved against abstention and in favor of exercising jurisdiction. *AAR Int'l, Inc. v. Nimelias Enters. S.A.,* 250 F.3d 510, 520 (7th Cir. 2001).

The defendants have attached to their motion the complaint filed by Taylor in the state court case identified as the basis for their invocation of the abstention doctrine. (Dkt. No. 28-1.) In that complaint, Taylor alleges that various members of the Sheriff's Office, including each of the defendants here, are liable for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress under Illinois law for their roles in the March 2011 and October 2011 charges that are the subject of this case. As defined by the complaint in that action, the state court case does not raise any of the constitutional or employment claims asserted here. The determination of the propriety of the defendants' basis for arresting and prosecuting Taylor under state law does not appear substantially likely to resolve whether those actions were motivated by improper political or racial animus under federal constitutional and employment

4

law. The Court therefore concludes that this case and the state court case are not parallel and abstention is not appropriate.

A second threshold matter that merits attention is Cook County's status as a party in this action. Cook County has been named as a defendant even though Taylor's complaint does not allege any conduct by Cook County apart from the actions of the Sheriff and his employees. In Illinois, county sheriffs are independently elected officials not subject to the control of the county; thus substantive claims against a county for actions of the county sheriff and his subordinates are properly dismissed. *Franklin v. Zaruba,* 150 F.3d 682, 686 (7th Cir. 1998); *Ryan v. Cnty. of DuPage,* 45 F.3d 1090, 1092 (7th Cir. 1995). For that reason, Taylor's substantive claims against Cook County must be dismissed from this case. However, Cook County shall remain a party to this action for the sole purpose of satisfying its obligation under state law to indemnify the Sheriff's Office for any judgment against it. *See Carver v. Sheriff of LaSalle Cnty.,* 324 F.3d 947, 948 (7th Cir. 2003) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer . . . in an official capacity.").

Having disposed of the preliminary matters, the Court now turns to the defendants' arguments that Counts II, III, and V of Taylor's complaint should be dismissed for failure to state a claim for relief. To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014).

Taylor's complaint alleges that the defendants each acted under color of law while working for the Sheriff Office. (First Am. Compl. ¶¶ 5-9, Dkt. No. 20.) But 42 U.S.C. § 1981 does not create a private right of action against state and municipal actors; a plaintiff alleging

that such defendants violated civil rights protected by that statute must seek relief under 42 U.S.C. § 1983. *Campbell v. Forest Preserve Dist. of Cook Cnty.,* 752 F.3d 665, 671 (7th Cir. 2014). Accordingly, Count II of Taylor's complaint, which seeks relief under § 1981, is dismissed.

The defendants also seek dismissal of Count III of the complaint, contending that it fails to state a claim for municipal liability under § 1983. They note that under *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978), § 1983 liability is personal, may not be imposed by application of *respondeat superior* principles, and may only be imposed upon a municipal entity if the constitutional harm is caused by the entity's policies. *Id.* at 694. They further argue that Taylor has failed to allege either an established policy or a widespread practice that caused the constitutional deprivations for which he seeks relief. But a municipal entity may be held liable for a constitutional deprivation caused by a single decision of a person with final policymaking authority, and the sheriff of an Illinois county is such a person for purposes of the liability of his office for constitutional violations. *Brokaw v. Mercer Cnty,* 235 F.3d 1000, 1013 (7th Cir. 2000).

In this case, Taylor has named Sheriff Dart as a defendant in both his official and individual capacities. (First Am. Compl. ¶ 6, Dkt. No. 20.) He alleges that all of the defendants discriminated against him because of his race and deprived him of his constitutional rights. (*Id.* ¶¶ 73-80.) He also alleges that Dart is a final policymaker for the Sheriff's Office. (*Id.* ¶ 80.) The allegations of Dart's personal involvement are sufficient to state a claim against him for relief under § 1983, and his position makes the same allegations sufficient to state a claim for relief against his office. Defendants Ernst, Fitzgerald, and Murphy are named in their individual capacities and each are alleged to have been personally involved in the § 1983 deprivations. (*Id.*

¶¶ 7-9, 73-80.) Thus, in sum, the allegations of Taylor's complaint are sufficient to state claims for § 1983 relief against Dart, his office, Ernst, Fitzgerald, and Murphy. The defendants' motion to dismiss Count III is therefore denied.

The defendants' final contention is that Taylor's complaint fails to state a claim for breach of contract.[2] To prove breach of contract under Illinois law, Taylor must establish an offer, acceptance, consideration, the terms of the contract, plaintiff's performance, defendant's breach of the terms of the contract, and damage resulting from that breach. *Valenti v. Qualex, Inc.,* 970 F.2d 363, 366 (7th Cir. 1992) (citing *Penzell v. Taylor*, 219 Ill. App. 3d 680, 579 N.E.2d 956, 961 (Ill. 1991)). The defendants assert that the complaint fails to allege facts supporting each of the required elements.

But a federal complaint, even one asserting a state law cause of action, need not expressly plead every element of that cause to state a claim for relief. *Christensen v. Cnty. of Boone,* 483 F.3d 454, 466 (7th Cir. 2007). The sufficiency of a complaint in federal court is determined by reference to federal notice pleading standards. *Id.* Taylor's complaint identifies the document he claims to be the basis for his breach of contract claim and as well as the substance of the claimed breach. Judges in this District have consistently held that similar allegations satisfied notice pleading standards to state claims for breach of contract under Illinois law, so long as the allegations provided the defendant with fair notice of the claims against him and an opportunity to investigate and defend them. *See, e.g.*, *In re Ameriquest Mortg. Co. Lending Practices Litig.,* 589 F. Supp. 2d 987, 990-91 (N.D. Ill. 2008); *TEKsystems, Inc. v. Modis, Inc.,* No. 08 CV 5476, 2008 WL 5155720, at *3 (N.D. Ill. Dec. 5, 2008); *U.S. Data Corp. v. Realsource, Inc.,* No. 08 CV 1092, 2008 WL 4369766, at *4 (N.D. Ill. Sept. 22, 2008). That is clearly the case here. Thus,

---

[2] The defendants initially asserted that Taylor's state law claims were time-barred but they now concede their timeliness. (Defs.' Reply at 5-6, Dkt. No. 39.)

the Court concludes that Taylor has sufficiently stated a claim for breach of contract and Defendants' motion to dismiss Count V of the complaint is denied.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is granted in part and denied in part. On the Court's own motion, Cook County is dismissed as a defendant for all purposes other than indemnification. Count II of the First Amended Complaint is also dismissed. The defendants' motion is otherwise denied.

ENTERED:

Dated: March 26, 2015

_____
Andrea R. Wood
United States District Judge