IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERCY R. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 1856 |
| | ) | |
| v. | ) | The Honorable Andrea R. Wood |
| | ) | Judge Presiding |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, *et al.*, | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS THOMAS DART AND COOK COUNTY SHERIFF'S OFFICE FOR THEIR FAILURE TO PRODUCE DOCUMENTS**

Plaintiff, Percy R. Taylor ("Taylor"), pursuant to Federal Rules of Civil Procedure 26 and 37, moves this Honorable Court for sanctions against Defendants, Thomas Dart, in his individual and official capacities as Sheriff of Cook County, and the Cook County Sheriff's Office (collectively "Sheriff's Office") for their failure to produce documents. In support thereof, Plaintiff states:

*Sheriff's Office Concealment and Failure to Produce Critical Evidence*

1. The Defendants have concealed, and continue to conceal, important evidence favorable to Taylor's claims of discrimination and retaliation.

2. On April 13, 2015, Plaintiff's counsel served the Sheriff's Office with his first request for production of documents (Ex. A). The request included:

> Any and all documents that describe or relate to Defendant's policies, practices, general orders, rules, regulations, directives, and procedures related to discipline and the process of de-deputizing a police officer.

(Request #8, Ex. A).

1

3. Certain documents responsive to that request, of which the Plaintiff has recently become aware, were not produced by the Defendants.

4. The first document that was not produced in this case is entitled "Offense Table." (A copy of the Offense Table is attached hereto as Exhibit B). This document was produced by the Sheriff's Office in the case entitled *Michno v. Sheriff Thomas Dart, et al.*, No. 13-cv-7161, under orders of Judge Kennelly.

5. The Offense Table is a Sheriff's Office document from its Office of Professional Review ("OPR"). The document was created in late 2008 or early 2009 by then OPR Executive Director Joseph Ways to "ensure that the recommended discipline was consistent throughout all of the departments as well as consistent based on the sustained charges. (Ways' *Michno* Dep., pp. 132, 307, Ex. C). [1]

6. The Offense Table produced in *Michno* was kept in Joseph Ways' work computer at the Sheriff's Office. A hard copy of the Offense Table was also kept in Ways' desk. The Offense Table was produced "under seal" in a Merit Board hearing unrelated to Plaintiff and/or Michno (Ex. C., pp. 39-40, 272-75).

7. There is no justification for the Sheriff's Office not to have produced this document years ago.

8. The Sheriff's Office failure to produce the Offense Table was no accident. The document is extremely favorable to Taylor. Even if the allegations against Taylor were true, which Plaintiff vehemently asserts are false, the Offense Table does not support Taylor's separation from the Sheriff's Department for the alleged acts of misconduct.

---

[1] At his *Michno* deposition, Ways referred to the "Offense Table" as the "disciplinary chart." They appear to be one and the same. *See*, Ex. C, pp. 273-74. Under Court order, Ways appeared twice for deposition on April 4, 2018 and July 10, 2018 in *Michno*. Both days are included with Exhibit C.

9. The Offense Table contains the nature of the allegation and a range of discipline to be recommended, including a mitigated range, a normal range and an aggravated range (Ex. B). Ways used the document in deciding on a recommendation of discipline in all OPR cases (Ex. C, p. 134).

10. Taylor was accused of firing a bb-gun at a pickup truck causing property damage. The misdemeanor criminal charge against Taylor was ultimately dismissed. Under the Offense Table, the "Normal Penalty" for "Assault/Battery", Code 4.1 or "Other Misdemeanors" is *7 days* (Ex. B, Bates Numbered Taylor 6469). The "Mitigated Range" is a letter of censure to a 5 Day suspension. The "Aggravated Range" is a 10-day suspension to dismissal. The aggravating factors are: "child abuse; extent of injuries; or, alcohol related." *Id*. None of the aggravating factors apply to Taylor.

11. The Offense Table is also important with respect to the Sheriff's Office seeking Taylor's termination on two other trumped-up charges. On November 14, 2011, the Sheriff filed a Merit Board complaint seeking to terminate Taylor for allegedly grabbing a Deputy Sheriff's hand while Taylor was going through security at the Daley Center. There were no injuries. More than a month after the incident, OPR talked the Deputy into filing a misdemeanor complaint for battery against Taylor. Taylor prevailed at the criminal trial. The Offense Table does not support separation as a penalty for this alleged offense (Ex. B).

12. On March 18, 2013, 10-days after Taylor filed this lawsuit, Dart filed another complaint with the Merit Board seeking to terminate Taylor for an incident that allegedly took place 18-months before. Taylor was accused of threatening a sergeant by stating that he could not wait to get his "stuff"[2] back because when he saw the sergeant on the street he would write

---

[2] Getting his credentials as a Sheriff's Police Officer.

3

him tickets and lock him up. The Offense Table does not support separation for this alleged conduct and it provides compelling evidence in support of Taylor's retaliation and discrimination claims (Ex. B).

13. Hence, the Offense Table is an extremely important document that should have been produced years ago by the Sheriff's Office. Defendants have known about this document for years. It is seemingly impossible to find an innocent explanation for why this document was not produced.

14. Ways provided this document to the Merit Board (either before or after he retired in 2013) and it was placed under seal (Ex. C, pp. 272-73, 275). The fact that the document was filed under seal with the Merit Board shows that the Sheriff's Office wanted to keep the Offense Table secret.

15. The Offense Table is not the only important document withheld by the Sheriff's Office. In *Michno*, Ways testified about an excel spreadsheet that contains the OPR file number, the name of the employee, the general nature of the allegations against the employee, the recommended discipline, and the JDE number (employee number) (hereinafter "Comparative OPR Chart") (Ex. C., pp. 39-40). Ways testified that he used the Comparative OPR Chart to keep track of the cases as they worked their way through the disciplinary system (Ex. C, p. 39). Ways used this document purportedly to ensure that the discipline sought was fair and uniform. This document was also maintained by Ways on his Sheriff's Office computer. *Id*., p. 40. The Comparative OPR Chart was separate and apart from the Offense Table. *Id*. p. 269.

16. Defendants have not produced the Comparative OPR Chart in this case or in *Michno*. On July 23, 2018, Michno filed a motion for sanctions against Defendant Sheriff's

4

Office for violations of Judge Kennelly's June 14, 2018 order (a copy of Michno's motion for sanctions is attached hereto as Exhibit D).

17. In his June 14, 2018 Order, Judge Kennelly ordered Ways to search his computer files for the excel spreadsheets, *i.e*., the Offense Table and the Comparative OPR Chart. *Id*. at ¶ 4. On July 10, 2018, Ways testified at his deposition, that he searched for the Offense Table on a thumb-drive provided to him by his attorney, Jeffrey Scolaro, who represents the Sheriff's Office in *Michno*. Ex. C, pp. 251-57. Ways did not have any difficulties finding the Offense Table. *Id*.

18. Ways testified that the thumb drive contained an image of his work computer. *Id*. p. 286. He testified that the files on the thumb-drive were from his Sheriff's Office desktop computer. *Id*. p. 288. Ways further testified that when he retired, he left the computer in the same state that it had existed when he was working for the Sheriff's Office. *Id*. p. 289. Ways further testified that he kept a hard copy of the Offense Table in his desk drawer at work. *Id*. pp. 300-01.

19. Despite Judge Kennelly's order, Ways testified that he did not search for the Comparative OPR Chart.

20. In *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141 (N.D.Ill. 1982), the court summarized the duty of a party responding to discovery and the standard for imposing sanctions as follows:

> [A] culpable failure to produce documents in response to a request to produce can be the basis for sanctions under Fed.R.Civ.P. 37(d). Parties are required to respond to requests to produce in a complete and accurate fashion. *(citations omitted)* This in turn requires that parties take reasonable steps to ensure that their responses to requests to produce are complete and accurate. *(citations omitted)* Ultimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion. *(citations omitted)* Once a failure to comply with the discovery rules is established, sanctions are appropriate; the degree of culpability is only a factor in determining the severity of the sanctions to be applied. *(citations omitted)* Thus, a failure to make discovery, even if occasioned by simple negligence, may justify the imposition of sanctions. *(citations omitted)*.

5

*Fautek*, 96 F.R.D. at 145-46; *quoted by David Mizer Enterprises, Inc. v. Nexstar Broad., Inc.*, 2016 WL 4541825, at *3 (C.D. Ill. Aug. 31, 2016).

21. The Court also has broad, inherent power to impose sanctions for failure to produce discovery and for destruction of evidence, over and above the provisions of the Federal Rules. *SEC v. First Choice Mgt. Servs., Inc.*, 678 F.3d 538, 543 (7th Cir. 2012); *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 354 (N.D. Ill. 2016). In addition, the award of sanctions against a party for discovery violations is a non-dispositive matter over which a Magistrate Judge has jurisdiction and it is within the Magistrate Judge's authority and discretion to award sanctions for discovery violations. *David Mizer Enterprises, Inc. v. Nexstar Broad., Inc.*, 2016 WL 4541825, at *11 (C.D. Ill. Aug. 31, 2016).

22. Rule 37(c)(1) provides for a wide range of sanctions for the failure to disclose including the payment of reasonable expenses, attorneys' fees, informing the jury of the party's failure and may impose other appropriate sanctions including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(Fed. Rule Civ. Pro. Rule 37(c)(1)(A)-(C)).

23. Rule 37(b)(2)(A)(i)-(vi) provides for the following orders:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party;

(Fed. Rule Civ. Pro. Rule 37(c)(1)(A)-(C)).

24. Taylor has been prejudiced by the Sheriff's Office failure to produce the Offense Table and the Comparative OPR Chart. Defendant's non-compliance is not harmless. Plaintiff deposed Ways on May 15, 2018. Because the document was never produced in this case and not produced in *Michno* until after Way's deposition on July 10, 2018, Taylor's counsel was prevented from questioning Ways about the Offense Table and its application to Taylor's case. Counsel was prevented from questioning Ways about whether he used the document when he decided to recommend separation for the three alleged offenses.

25. Taylor's counsel was also prevented from questioning Ways, and other witnesses, about the mitigating and aggravating factors for each offense set forth in the Offense Table. This is especially important if Ways, or the Sheriff's Office, takes the position that there are mitigating and aggravating factors other than those contained in the Offense Table. If this were the case, Taylor's counsel would have questioned other OPR investigators including Henry Hemphill about what mitigating and aggravating factors would apply to Taylor's case. Even if sustained, the mitigated range for the bb-gun incident is a letter of censure to a 5-day suspension with the "normal penalty" calling for a 7-day suspension. With fact discovery set to close on August 31, 2018, Taylor has suffered substantial prejudice because of the Sheriff's Office failure to produce the Offense Table.

26. Prejudice is also shown by the Sheriff's Office's failure to produce the Comparative OPR Chart. Based on Way's testimony in *Michno*, this document could have vital information and evidence regarding comparators. The Comparative OPR Chart contains comparative evidence of the outcome of other OPR investigations. For example, the Comparative OPR Chart may identify similarly situated employees who had allegations of

similar misconduct sustained against them by OPR where the recommended discipline was not separation.

27. It is also unknown what follow-up discovery may be required based on the Offense Table and the Comparative OPR Chart. Even assuming the Court reopens Ways' deposition, the deposition may identify additional witnesses and documents. This is particularly problematic with the looming August 31st discovery cutoff date.

28. Plaintiff has issued supplemental written discovery related to the withheld documents including requests to admit served on July 12, 2018, Rule 30(b)(6) notice for representative deponent(s) served on July 17, 2018, and interrogatories and requests to produce served on July 17, 2018.

29. The Sheriff's Office should be ordered to produce all withheld documents including but not limited to the Offense Table, the thumb-drive, and the Comparative OPR Chart forthwith.

30. While typically the sanction under Rules 26 and 37 is to bar the use of the subject documents, such a sanction in this case would only serve to prejudice Taylor. The Offense Table is favorable to Taylor and, in view of the Sheriff's Office's concealment of the document, the evidence contained in the yet to be produced Comparative OPR Chart is likely favorable to Taylor.

31. Pursuant to Rules 26 and 37, Plaintiff requests that the Court enter an appropriate order sanctioning Defendant, Sheriff's Office's for its failure to produce the Offense Table and the Comparative OPR Chart.

32. Plaintiff's counsel certifies that the movant has in good faith conferred with counsel for the Sheriff's Office to avoid court action. On July 12, 2018, shortly after obtaining a

copy of the Offense Table in *Michno*, Taylor's counsel sent a letter to counsel for the Sheriff's Office requesting that Ways be reproduced for further deposition (Ex. E). Defendant's counsel objected to re-reproducing Ways (*see* letter from V. Rizzo dated July 20, 2018 to Plaintiff's counsel, Ex. F). Plaintiff's counsel responded to Mr. Rizzo's letter on July 23, 2018 (Ex. G).

33. On July 24, 2018, Plaintiff's counsel had a lengthy Rule 37.2 discovery conference with Sheriff's Office counsel, Vincent Rizzo. Defense counsel refused to re-produce Mr. Ways unless Plaintiff's withdrew a Rule 30(b)(6) notice on the issue of the Offense Table, requests to admit facts on the document and interrogatories on the issue. Defense counsel also failed to give any answers about the Comparative OPR Chart including when and if the document would be produced. After good faith efforts, Plaintiff's counsel was unable to resolve their differences.

**WHEREFORE**, Plaintiff, Percy R. Taylor, requests that this Honorable Court grant Plaintiff's motion for sanctions and award him the following relief.

a. Require the Sheriff's Office to expedite its answers to written discovery on the issue of the withheld documents;

b. Require the Sheriff's Office to designate and produce an individual(s) in accordance with Plaintiff's Rule 30(b)(6) notice of deposition served July 17, 2018;

c. Require the Sheriff's Office to produce the Offense Table including all drafts and variations of the same;

d. Require the Sheriff's Office to produce the Comparative OPR Chart including all drafts and variations of the same;

e. Require the Sheriff's Office to produce Joseph Ways for further deposition about all matters relating to the Offense Table, the Comparative OPR Chart and any documents

subsequently produced by the Defendants after Way's May 15, 2018 deposition;

  f. Inform the jury of the Sheriff's Office's failure to produce the Offense Table and the Comparative OPR Chart in a timely manner;

  g. Instruct the jury that the Sheriff's Office's failure to produce the Offense Table in a timely manner allows the jury to infer that this evidence is adverse to the Sheriff's Office;

  h. Instruct the jury that the Sheriff's Office's failure to produce the Comparative OPR Chart in a timely manner allows the jury to infer that other similarly situated Caucasian employees were given lesser discipline than African Americans for the same or similar offenses;

  i. Bar the Sheriff's Office from arguing, maintaining, suggesting or offering any evidence or testimony that separation was appropriate for the disciplinary infractions that Taylor was alleged to have committed;

  j. An award of attorneys' fees and costs;

  k. Impose other appropriate sanctions including any of the orders listed.

**PERCY R. TAYLOR**

      By: */s/Richard F. Linden*
         One of Plaintiff's attorneys

Richard F. Linden (ARDC #6200387)
Peter V. Bustamante
Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602
312/590-0211
lindenlaw@gmail.com