# EXHIBIT A



**ATTORNEYS AT LAW**

151 North Franklin Street
Suite 2500
Chicago, IL 60606

312-704-3000
312-704-3001 (fax)
**www.hinshawlaw.com**

Vincent M. Rizzo
vrizzo@hinshawlaw.com

October 30, 2018

**VIA EMAIL**

Richard F. Linden
Peter V. Bustamante
17 North State Street, #1550
Chicago, Illinois 60602
lindenlaw@gmail.com
pvbust@bustamantelaw.com

        **Re:** *Taylor v. Cook County Sheriff's Office, et al.*, **13-CV-1856, 37.2 Conferences regarding Plaintiff's 9-25-2018 and 10-1-2018 Requests to Produce**

Dear Counsel,

        Thank you for speaking to me on October 26, 2018 and October 30, 2018 regarding Plaintiff's 9-25-2018 request for an IA Pro Report for "all OPR matters/investigations from 2009 to present" and Plaintiff's 10-1-2018 request for 88 OPR files. In the spirit of Rule 37.2, Defense Counsel agrees to make the final OPR reports for the OPR file numbers ("nos.") listed in *Attachment A* available to Plaintiff's Counsel for inspection at a location determined by Defense Counsel. As agreed, this list includes all OPR file nos., with a listed "IA No.," from the "IA Pro Tab" of Mr. Ways' OPR tracking spreadsheet, bates stamped as #8310, that were opened between January 1, 2010 to March 18, 2013. This list also includes all OPR file nos. from Plaintiff's 10.1.2018 request for 88 files that are not listed on the "IA Pro Tab" of Mr. Ways' OPR tracking spreadsheet and are within the aforementioned time period.

        As agreed, Defense Counsel will permit Plaintiff's Counsel to bring their own scanner and the inspection is limited to two days. Plaintiff's Counsel will be allowed to have up to four representatives present during the inspection. Defense Counsel will also be allowed representatives to observe the inspection and/or inspect the files contemporaneously with Plaintiff's Counsel.

        Additionally, Plaintiff's Counsel agrees to produce any and all documents scanned and/or copied in any other manner to Defense Counsel. Plaintiff's Counsel also agrees to deem any and all documents scanned and/or copied in any other manner as "**confidential - attorney eyes only**" until further agreement or court order. If the "confidential-attorney-eyes only" designation is lifted for any such document(s) by further agreement or court order, that document(s) will contain redactions of information prohibited from public disclosure by statute, including but not limited to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., the Illinois Personnel Records Review Act, 820 ILCS 40/.01 et seq., the Illinois Identity Protection Act 5 ILCS

October 30, 2018
Page 2

179/10(b)(1), and the Juvenile Court Act, 705 ILCS 405/1-1 et seq., as set forth in *Attachment B* hereto.

      By entering into this agreement, Defendants do not admit or confirm any of the claims, allegations, assertions or opinions of Plaintiff that any of these files and/or Plaintiff's 9-25-2018 request for an IA Pro Report for "all OPR matters/investigations from 2009 to present" and/or Plaintiff's 10.1.2018 request for 88 OPR files are relevant and/or proportional to the needs of the case and/or likely to lead to the discovery of admissible evidence. First, the list of OPR file nos. in Attachment A is not limited to investigations involving individuals who are similarly situated to Plaintiff.  To determine whether two employees are similarly-situated, "a court looks at all the relevant factors, which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications." *See Bisluk v. Hamer*, 800 F.3d 928, 935 (7th Cir. 2015).  A "plaintiff must show that [he] is similarly situated with respect to performance, qualifications, and conduct." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000).  "This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.*; see also *Kirk v. Advocate Health & Hosps. Corp.*, No. 16 C 3497, 2017 U.S. Dist. LEXIS 188207, at *27 (N.D.Ill. Nov. 14, 2017) (to be similarly-situated, "a showing of sufficiently analogous misconduct" is required "to support an inference that [plaintiff] was treated more harshly because of her sex").  As such, Defendants do not waive any rights to object to the use of any of these OPR investigations in motions and/or for trial purposes.

      Furthermore, Defendants are making the aforementioned OPR investigation files available for inspection with the understanding that there will be no further requests to produce related to comparators and/or any other OPR investigation file(s) in the future.  Lastly, by entering into this agreement, Defendants do not admit or confirm any of the claims, allegations, assertions or opinions of Plaintiff that Mr. Ways' OPR tracking spreadsheet, bates stamped as #8310, is not the same chart that Mr. Ways testified about at his deposition in *Michno*.  Further, Plaintiff's Counsel should not attempt to imply that the chart produced as #8310 included the information that is obtained during the aforementioned inspection to avoid the false implication that Mr. Ways used this chart for any comparative purposes.

      If I have incorrectly memorialized any part of our agreement, inform me immediately. Thank you.

      Very truly yours,

      HINSHAW & CULBERTSON LLP

      */s/ Vincent M. Rizzo*

      Vincent M. Rizzo

October 30, 2018
Page 3

## ATTACHMENT A – LIST OF OPR FILES AVAILABLE FOR INSPECTION

| | | | | | |
|---|---|---|---|---|---|
| 1. | OPR2009-1276 | 41. | OPR2010-0237 | 81. | OPR2010-0783 |
| 2. | OPR2010-0003 | 42. | OPR2010-0241 | 82. | OPR2010-0784 |
| 3. | OPR2010-0004 | 43. | OPR2010-0244 | 83. | OPR2010-0787 |
| 4. | OPR2010-0006 | 44. | OPR2010-0246 | 84. | OPR2010-0805 |
| 5. | OPR2010-0009 | 45. | OPR2010-0251 | 85. | OPR2010-0820 |
| 6. | OPR2010-0028 | 46. | OPR2010-0260 | 86. | OPR2010-0838 |
| 7. | OPR2010-0056 | 47. | OPR2010-0263 | 87. | OPR2010-0855 |
| 8. | OPR2010-0059 | 48. | OPR2010-0306 | 88. | OPR2010-0861 |
| 9. | OPR2010-0069 | 49. | OPR2010-0307 | 89. | OPR2010-0862 |
| 10. | OPR2010-0088 | 50. | OPR2010-0321 | 90. | OPR2010-0863 |
| 11. | OPR2010-0102 | 51. | OPR2010-0323 | 91. | OPR2010-0864 |
| 12. | OPR2010-0130 | 52. | OPR2010-0355 | 92. | OPR2010-0866 |
| 13. | OPR2010-0139 | 53. | OPR2010-0364 | 93. | OPR2010-0867 |
| 14. | OPR2010-0141 | 54. | OPR2010-0375 | 94. | OPR2010-0868 |
| 15. | OPR2010-0142 | 55. | OPR2010-0393 | 95. | OPR2010-0869 |
| 16. | OPR2010-0143 | 56. | OPR2010-0395 | 96. | OPR2010-0871 |
| 17. | OPR2010-0149 | 57. | OPR2010-0398 | 97. | OPR2010-0872 |
| 18. | OPR2010-0156 | 58. | OPR2010-0401 | 98. | OPR2010-0874 |
| 19. | OPR2010-0157 | 59. | OPR2010-0409 | 99. | OPR2010-0881 |
| 20. | OPR2010-0158 | 60. | OPR2010-0413 | 100. | OPR2010-0883 |
| 21. | OPR2010-0159 | 61. | OPR2010-0418 | 101. | OPR2010-0916 |
| 22. | OPR2010-0160 | 62. | OPR2010-0428 | 102. | OPR2010-0939 |
| 23. | OPR2010-0161 | 63. | OPR2010-0457 | 103. | OPR2010-0946 |
| 24. | OPR2010-0163 | 64. | OPR2010-0487 | 104. | OPR2010-0963 |
| 25. | OPR2010-0164 | 65. | OPR2010-0488 | 105. | OPR2010-0966 |
| 26. | OPR2010-0165 | 66. | OPR2010-0533 | 106. | OPR2010-0989 |
| 27. | OPR2010-0166 | 67. | OPR2010-0543 | 107. | OPR2010-0989 |
| 28. | OPR2010-0167 | 68. | OPR2010-0570 | 108. | OPR2010-0997 |
| 29. | OPR2010-0168 | 69. | OPR2010-0581 | 109. | OPR2010-1003 |
| 30. | OPR2010-0169 | 70. | OPR2010-0596 | 110. | OPR2010-1043 |
| 31. | OPR2010-0170 | 71. | OPR2010-0602 | 111. | OPR2010-1049 |
| 32. | OPR2010-0181 | 72. | OPR2010-0610 | 112. | OPR2010-1085 |
| 33. | OPR2010-0182 | 73. | OPR2010-0631 | 113. | OPR2010-1092 |
| 34. | OPR2010-0185 | 74. | OPR2010-0649 | 114. | OPR2010-1119 |
| 35. | OPR2010-0186 | 75. | OPR2010-0678 | 115. | OPR2010-1124 |
| 36. | OPR2010-0188 | 76. | OPR2010-0727 | 116. | OPR2010-1125 |
| 37. | OPR2010-0210 | 77. | OPR2010-0728 | 117. | OPR2010-1127 |
| 38. | OPR2010-0223 | 78. | OPR2010-0733 | 118. | OPR2010-1150 |
| 39. | OPR2010-0231 | 79. | OPR2010-0761 | 119. | OPR2010-1150 |
| 40. | OPR2010-0234 | 80. | OPR2010-0776 | 120. | OPR2011-0013 |

October 30, 2018
Page 4

121. OPR2011-0022
122. OPR2011-0030
123. OPR2011-0045
124. OPR2011-0055
125. OPR2011-0134
126. OPR2011-0179
127. OPR2011-0203
128. OPR2011-0243
129. OPR2011-0259
130. OPR2011-0286
131. OPR2011-0304
132. OPR2011-0314
133. OPR2011-0337
134. OPR2011-0341
135. OPR2011-0384
136. OPR2011-0391
137. OPR2011-0448
138. OPR2011-0558
139. OPR2011-0582
140. OPR2011-0604
141. OPR2011-0605
142. OPR2011-0634
143. OPR2011-0645
144. OPR2011-0668
145. OPR2011-0685
146. OPR2011-0699
147. OPR2011-0717
148. OPR2011-0759
149. OPR2011-0800
150. OPR2010-0027
151. OPR2010-0055
152. OPR2010-0442
153. OPR2010-0593
154. OPR2010-0860
155. OPR2010-0882
156. OPR2010-0896
157. OPR2010-0898
158. OPR2010-0907
159. OPR2010-0922
160. OPR2010-0947
161. OPR2010-1065
162. OPR2011-0051
163. OPR2011-0125
164. OPR2011-0386
165. OPR2011-0607
166. OPR2011-0702
167. OPR2011-0729
168. OPR2011-0745
169. OPR2011-0903
170. OPR2011-0996
171. OPR2012-0024
172. OPR2012-0026
173. OPR2012-0132
174. OPR2012-0508
175. OPR2012-0802

October 30, 2018
Page 5

## ATTACHMENT B – FOIA AND OTHER STATUTORY EXEMPTIONS

| ITEM TO REDACT | EXEMPTION |
|---|---|
| Names of civilian witnesses | 5 ILCS 140/7(1)(d)(iv) |
| Names of civilian CR complainants | 5 ILCS 140/7(1)(d)(iv) |
| Names of confidential sources and information that can lead to the identification of them | 5 ILCS 140/7(1)(d)(iv) |
| Confidential information from confidential sources | 5 ILCS 140/7(1)(d)(iv) |
| Names of crime victims (unless they are deceased) | 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Names of non-attorneys and non-government employees who are tangential to the incident (i.e., not witnesses) | 5 ILCS 140/7(1)(c) |
| Dates of birth | 5 ILCS 140/7(1)(c) **(Note: the year of birth and age should not be redacted)** |
| Personal telephone numbers (residential and mobile/cell) | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Personal email addresses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Incident address when it is a home address | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Home addresses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Information that could reveal a home address | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Social Security numbers of others | 5 ILCS 140/7(1)(a) – Illinois Identity Protection Act 5 ILCS 179/10(b)(1); 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Driver's License numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| Personal license plate numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| IR numbers of victims and witnesses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Employee identification numbers | 5 ILCS 140/7(1)(b) |
| Signatures of non-government employee witnesses, victims and complainants | 5 ILCS 140/7(1)(b) – biometric identifier |
| Passwords or other access codes | 5 ILCS 140/7(1)(b) |
| Attorney-client communications, materials created at the direction of an attorney (e.g., internal memoranda) | 5 ILCS 140/7(m) |

October 30, 2018
Page 6

| | |
|---|---|
| Medical records | 5 ILCS 140/7(1)(b) |
| OEMC records related to medical treatment (e.g., ambulance run sheets and EMS records) | 5 ILCS 140/7(1)(a) – HIPAA, 5 ILCS 140/7(1)(b) |
| Medical, psychiatric, counseling and substance abuse information summary | 5 ILCS 140/7(1)(c) |
| Juvenile law enforcement records | 5 ILCS 140/7(1)(a) - Juvenile Court Act 705 ILCS 405/1-7; 705 ILCS 405/5-905 |
| Financial account numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Credit/Debit card numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| Photographs of victims and CR complainants | 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv); 5 ILCS 140/7(1)(d)(vi) |
| Photographs that are graphic in nature | 5 ILCS 140/7(1)(c) |
| Performance evaluations | 5 ILCS 140/7(1)(a) – Personnel Records Review Act 820 ILCS 40/11 |
| Command Channel Review | 5 ILCS 140/7(1)(f) |
| Information which is subject to a court order on an active case (e.g., a protective order) | 5 ILCS 140/7(1)(a) |
| Information the release of which would interfere with a pending investigation | 5 ILCS 140/7(1)(d)(i) |
| Information the release of which would obstruct an ongoing criminal investigation | 5 ILCS 140/7(1)(d)(vii) |
| Information the release of which would endanger the life/physical safety of Police personnel or another | 5 ILCS 140/7(1)(d)(vi) |
| Information the release of which would interfere with legal action related to the investigation | 5 ILCS 140/7(1)(d)(ii) – if disciplinary proceeding against officer; 5 ILCS 140/7(1)(d)(iii) – if prosecution of officer |
| Unique or specialized investigative techniques | 5 ILCS 140/7(1)(d)(v) |
| May prevent a fair trial (taint a jury pool) | 5 ILCS 140/7(1)(d)(iii) |