IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERCY R. TAYLOR,<br><br>      **Plaintiff,**<br><br>v.<br><br>COOK COUNTY SHERIFF'S OFFICE,<br>*et al.*,<br><br>      **Defendants.** | No. 13 C 1856<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Non-Party Deponent George Avet's Motion for Protective Order Regarding Limiting the Scope of Discovery Sought by Deposition and Sealing the Transcript of the October 28, 2018 Deposition [ECF No. 312] is granted in part and denied in part. See Statement for further details. The Court directs the Clerk's Office to remove Exhibit C to Defendants' Response [ECF No. 322-3] from the docket and place the exhibit under seal pursuant to this Order and the previously entered protective order [ECF No. 289].

## STATEMENT

This matter is before the Court on Non-Party Deponent George Avet's Motion for Protective Order Regarding Limiting the Scope of Discovery Sought by Deposition and Sealing the Transcript of the October 28, 2018 Deposition [ECF No. 312]. For the reasons set forth below, the Motion [ECF No. 312] is granted in part and denied in part.

Federal Rule of Civil Procedure 26(c) permits a court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). As an initial matter, however, a court first must determine if the material sought is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Before this Court considers whether Mr. Avet has shown good cause for entry of a protective order limiting his deposition testimony, Defendants have a threshold burden to show the additional discovery they are seeking from Mr. Avet is relevant and proportional to the needs of the case. Even if the discovery is relevant and proportional, Mr. Avet still can prevail if he shows there is

good cause to enter a protective order because further inquiry along the lines proposed by Defendants would subject him to annoyance, embarrassment, oppression, or undue burden or expense and any benefit to Defendants from inquiring into the matters they wish to inquire into is outweighed by the burden on Mr. Avet caused by that inquiry.

As an initial matter, the Court finds that Defendants have not shown the additional testimony they want to elicit from Mr. Avet about the matters summarized in their Response (*see* [ECF No. 322], at 3) or in the deposition transcript attached (*see* [ECF No. 322-3], Ex. C at 134-35) are relevant or proportional to the needs of the case. Defendants argue that the additional testimony they seek is necessary to determine whether Mr. Avet is competent to testify and to gauge his truthfulness and bias. Defendants' Response [ECF No. 322], at 2. The Court disagrees. Defendants already have the information they say they want to argue that Mr. Avet is biased against them and they have his testimony about what triggered his hospitalization in April 2018. Further inquiry into these matters is overkill and cumulative of the testimony Defendants already have elicited from Mr. Avet.

Specifically, Defendants already know Mr. Avet sued the Sheriff's Office. *See* Defendants' Response [ECF No. 322], at 1. They know that Mr. Avet blames the Sheriff's Office for the anxiety he suffered when his benefits were terminated, and Defendants also know that Mr. Avet maintains he was hospitalized in April 2018 because of that anxiety. *See* Defendants' Response [ECF No. 322-2], Ex. C at 23-25. The Court finds that more questions into what triggers Mr. Avet's mental health issues and anxiety, when he already has testified that his anxiety issues were triggered by his loss of benefits from the Sheriff's Office, is unnecessary for Defendants' stated purpose of arguing that Mr. Avet is biased against the Sheriff. The Court also finds that inquiry into (1) why Mr. Avet was able to testify in a 2015 deposition, then unable to appear for a deposition, and now able to be deposed, and (2) the March 27, 2018, incident involving the Park Ridge Police Department and Mr. Avet's subsequent hospitalization has only minimal, if any, relevance to this case. *See* Defendants' Response [ECF No. 322], at 5-6.

The Court also is not persuaded that limiting Defendants' deposition examination in this way will handicap them in making the arguments they wish to make at trial. To the extent the trial judge would permit Defendants to pursue any of these lines of inquiry if Mr. Avet testifies at trial, Defendants appear to have plenty of information already with which to cross-examine him, to make their argument to the bench about these incidents, or to challenge his competence to testify, including the Park Ridge police report. The Court, therefore, concludes that further inquiry into any of these matters is not proportional to the needs of the case particularly given that Mr. Avet is a third-party witness. Defendants' examination of Mr. Avet should focus on the factual issues relevant in this case—what Mr. Avet says he saw and heard during the execution of a search warrant at Plaintiff's residence— and not these collateral issues.

In addition, the Court agrees with Mr. Avet that there is good cause to issue a protective order to prevent further inquiry of the sort Defendants say they want to pursue with him. Further inquiry into what Defendants call mental health issues is likely to cause Mr. Avet annoyance, embarrassment, oppression, or undue burden or expense as a third-party witness in this case. The Court finds that any incremental benefit to Defendants from inquiring into the matters they wish to inquire into is outweighed by the burden on Mr. Avet caused by that inquiry. As a third-party

witness, the Court concludes that Mr. Avet is entitled to be protected (as is any other witness, for that matter) from these burdens particularly when the relevance of the additional inquiry is as minimal or limited as it appears to be in this case.

Defendants argue that Mr. Avet has not articulated the nature of the annoyance, embarrassment, or oppression he would suffer if they were allowed to inquire as they wish to do. But the burden is self-evident from the areas of inquiry into Mr. Avet's mental health that Defendants summarize in their Response. *See* [ECF No. 322], at 3. The Court also reviewed the pages of Mr. Avet's deposition that Defendants have attached to their Response. *See* [ECF No. 322-3]. It is difficult to see how further inquiry into the topics that Defendants say they want to pursue will do anything other than annoy, embarrass, or oppress Mr. Avet with no material benefit to furthering Defendants' ability to defend this case.

Defendants also say they want to pursue the lines of inquiry outlined in their Response to determine whether Mr. Avet is competent to testify. Defendants really don't develop that argument. Their arguments go more to credibility and bias and, as discussed above, further inquiry along those lines is cumulative, duplicative, and not proportional to the needs of the case. Moreover, based on the Court's review of the pages of Mr. Avet's deposition in the record, it is difficult to believe that the issue is going to come down to Mr. Avet's competence *vel non* to testify as a witness in this case versus the credibility of what he will say. As stated, in the Court's view, Defendants have the building blocks for the arguments they want to make in that regard without further inquiry into the collateral matters they say they want to continue to pursue.

Finally, the Court also agrees with Mr. Avet that the deposition testimony at the pages identified in Exhibit A to his Motion [ECF No. 312-2] should be designated as confidential under the confidentiality order previously entered in this case [ECF No. 289].[1] Moreover, Defendants appear to agree to treat the designated portions of Mr. Avet's deposition transcript as confidential within the meaning of the confidentiality order [ECF No. 289]. The Court does not agree, however, that Mr. Avet has met his burden to show that the entire deposition transcript should be sealed. The Motion [ECF No. 312] is denied in that respect, but the Court will order that Exhibit C to Defendants' Response [ECF No. 322-3] be removed from the docket and placed under seal since pursuant to this Order portions will be designated as confidential.

## CONCLUSION

Accordingly, for the reasons discussed above, Mr. Avet's Non-Party Motion for Protective Order [312] is granted in part and denied in part. Specifically, the Motion is granted to the extent that Mr. Avet is not required to provide answers to the line of questioning summarized in Defendants' Response ([ECF No. 322], at 3) and further identified in the deposition transcript attached to Defendants' Response ([ECF No. 322-3], Ex. C at 134-35). Nor are Defendants permitted any further questioning on those issues. The Court also grants the Motion to the extent that portions

---

[1] Mr. Avet seeks to have the following pages designated as confidential under the parties' protective order: Page 20, line 15 through Page 22, Line 17; Page 23, Line 14 through Page 29, Line 11; Page 30, Line 14 through Page 35, Line 23; Page 36, Line 22 through Page 45, Line 3; Page 46, Line 23 through Page 47, Line 13; Page 52, Line 23 through Page 53, Line 13; Page 59, Line 23 through Page 61, Line 12; and Page 62, Line 24 through Page 64, Line 21.

of Mr. Avet's deposition (as identified in footnote one) are to be treated as confidential pursuant to the confidentiality order in this case [ECF No. 289]. To the extent Mr. Avet seeks to have the entire transcript of his deposition sealed or treated as confidential that request is denied, but the Court directs the Clerk's Office to remove from the docket Exhibit C to Defendants' Response [ECF No. 322-3], which includes portions of Mr. Avet's deposition transcript, and place the exhibit under seal pursuant to this Order and the previously entered protective order [ECF No. 289].

It is so ordered.

Magistrate Judge Jeffrey T. Gilbert

Dated: January 16, 2019