# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PERCY R. TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>COOK COUNTY SHERIFF'S OFFICE, *et al.*<br><br>Defendants. | Case No. 13-cv-1856<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

This lawsuit arises from Percy Taylor's termination from his job as a police officer with the Cook County Sheriff's Office. Taylor brought this lawsuit against Defendants Cook County Sheriff's Office, Sheriff Thomas Dart, Gregory Ernst, Patrick Fitzgerald, the Estate of Patrick Murphy, Joseph Ways, and Zelda Whittler, alleging violations pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as well as state law claims for malicious prosecution and breach of contract. Cook County is sued for purposes of indemnification only. Taylor has moved for partial summary judgment. For the reasons stated below, Taylor's partial summary judgment motion [418] is denied.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 250 (internal quotations omitted).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (internal citation and quotations omitted). In doing so, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*. (citation omitted).

## BACKGROUND[1]

Taylor began his employment with the Cook County Sheriff's Office in 1995 as a Deputy Sheriff, and in January 2000, was promoted to Police Officer. (PSOF ¶12; D. Resp. ¶12).[2] On March 22, 2011, Taylor appeared for a *Loudermill* hearing at the

---

[1] Taylor's long procedural history before the administrative boards, in state court and in this Court need not be recited in detail for purposes of this order.

[2] These facts are taken from Taylor's statement of uncontested facts in support of his partial summary judgment motion (Dkt. 419, "PSOF") and Defendants' response to Taylor's Statement of Facts (Dkt. 431, "D. Resp.").

Cook County Sheriff's Police Headquarters.[3] (PSOF ¶17; D. Resp. ¶17). The same day, the *Loudermill* Board ruled that Taylor should be suspended with pay. (PSOF ¶19; D. Resp. ¶19). On October 30, 2013, the Merit Board ordered that Taylor be separated from his employment with the Sheriff's Office. (PSOF ¶23; D. Resp. ¶23).

Taylor appealed his case to Illinois state court, and the state court remanded the case to the Merit Board. (*See* Dkt. 443-1; PSOF ¶¶37, 38; D. Resp. ¶¶37, 38). On August 19, 2014, Cook County Circuit Court Judge Neil Cohen vacated the Merit Board's decision after finding that the Board that terminated Taylor was improperly constituted in violation of 55 ILCS 5/3-7002. (PSOF ¶26). The appellate court affirmed and the Illinois Supreme Court denied Sheriff Dart's petition for leave to appeal. (*Id*. ¶¶30, 31).

At the conclusion of the appellate proceedings, the Circuit Court on April 6, 2018, ordered the Merit Board to "take additional evidence and determine the back pay for Mr. Taylor." (*Id*. ¶38). On August 22, 2018, Merit Board member James Nally ruled that Taylor's motion for backpay and reinstatement would be taken with the case and decided as part of the final decision to be issued in the case (PSOF ¶40; D. Resp. ¶40). On August 15, 2019, the Circuit Court found that because the Merit Board had no

---

[3] *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (providing for hearing pursuant to the due process clause, prior to the loss of certain property interests). State law also requires officers in the Sheriff's Office receive a hearing before the Merit Board prior to suspension or termination. 55 ILCS 5/3-7011.

statutory authority to act when it terminated Taylor in 2013, Taylor is entitled to backpay. (*Taylor v. Dart*, 13 CH 26319, Aug. 15, 2019 (Dkt. 443-1)).[4]

## ANALYSIS

Taylor's partial summary judgment motion asks this Court to make findings that: "(1) Percy Taylor has the right to be returned to the Sheriff's Office payroll; (2) Taylor has the right to an award of back pay; (3) there is no basis for the [Sheriff's Office] not to have returned Taylor to the payroll; (4) there is no basis for the Sheriff's Office not to have provided Taylor with back pay". (Dkt. 418 at 1). Taylor also requests the Court to enter "an order requiring the Sheriff's Office to reinstate Taylor to the payroll." (*Id.*). Taylor argues that there is no genuine issue of material fact that Defendants must "return Taylor to the payroll and provide Taylor with the more than $500,000 in back pay and benefits that he would have otherwise received since the October 30, 2013 Merit Board decision." (*Id.*). Taylor further contends that his "right to backpay and to be returned to the Sheriff's Office payroll is not contingent on Taylor prevailing on any of his underlying causes of action." (*Id.* at 2). Defendants respond that (1) Taylor's requested relief is premature; (2) the *Rooker-Feldman* doctrine bars the relief sought; and, (3) this Court lacks authority under the Illinois Administrative Review Law ("ARL") to decide that Taylor is entitled to backpay and reinstatement. (Dkt. 430).

---

[4] The parties did not have the benefit of Judge Cohen's August 15, 2019 decision when briefing Taylor's partial summary judgment motion, however, Taylor moved to supplement his motion with the August 15 decision, without objection. (*See* Dkt. 479).

4

**A. Taylor's Motion Must be Denied**

This Court does not have authority to grant the relief Taylor requests in his motion. Taylor's claims in this case do not include a claim for review of the Merit Board decision pursuant to Illinois's Administrative Review Law, 735 Ill. Comp. Stat. 5/3-110, as Taylor filed his administrative review complaint in Illinois state court. (*see* Am. Compl., Dkt. 294, ¶ 95; *see also* Dkt. 434, ¶ 5).[5] In this case, he alleges that the Sheriff and others violated his First Amendment rights and discriminated against him based on race in seeking his termination under Section 1983 and Title VII. If Taylor had challenged the composition of the Merit Board in the present case (he did not), the Court would be limited in the remedy it could award (remand to the Merit Board). *See Bless v. Cook Cty. Sheriff's Office*, 2018 U.S. Dist. LEXIS 120267 (N.D. Ill. July 19, 2018); 2019 U.S. Dist. LEXIS 155426 (N.D. Ill. Sept. 12, 2019). But Taylor has waged that battle in the state court. Indeed his claims for backpay and reinstatement have been remanded to the Merit Board by the state court. Moreover, on August 15, 2019, the Cook County Circuit Court held that "the Sheriff's termination of Taylor was illegal and void" and the Sheriff is "required to pay Taylor for the period he was unlawfully terminated." (Dkt. 443-1 at p.3).[6]

---

[5] Under the Administrative Review Law, "The court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition of the action." 735 Ill. Comp. Stat. 5/3-104.

[6] The judge further held that Taylor's right to backpay "is not contingent upon his prevailing before the new Merit Board" and the only remaining issue was the amount of pay and benefits that would have been paid to Taylor "if he had remained on the Sheriff's

In *Campos,* a former Cook County Corrections officer challenged his termination by the Merit Board alleging that the process violated his right to substantive due process because the Board was improperly constituted causing his post-termination process to be delayed unnecessarily. *Campos v. Cook Cty.*, 2018 U.S. Dist. LEXIS 190729, at *16 (N.D. Ill. Nov. 5, 2018), *aff'd*, 932 F.3d 972 (7th Cir. 2019). Campos asked the district court to reinstate him to paid status, award full back-pay, and reinstate his healthcare benefits. 2018 U.S. Dist. LEXIS 190729, at *16. The court denied that request, explaining that "[s]ince the circuit court already remanded Plaintiff's matter to the Merit Board this issue is moot. The Court cannot adjudicate the Circuit Court's decision." *Id.*

Similarly, here, the state court already remanded Taylor's case to the Merit Board. In addition, the state court recently determined that Taylor is entitled to backpay. This Court cannot circumvent the procedures that are underway pursuant to Illinois law. More importantly, this Court cannot order damages in this case absent a finding of liability on one of the grounds *pending in this Court.*

**B. Motion to Strike**

Taylor objects to Defendants filing a supplemental statement (Dkt. 439) in support of their response to Plaintiff's motion for partial summary judgment. In addition to the fact that motions to strike are generally disfavored (*see Teague v. Healthcare Dev. Partners, LLC*, 2019 U.S. Dist. LEXIS 142655, at *3 (N.D. Ill. Aug. 22, 2019)), this Court did not rely on the additional information in Defendants' supplement [439] in

---

payroll at the same rate of pay and benefits he was receiving on the date of illegal termination." *Id.* at p. 4.

order to reach its decision here. Accordingly Taylor's motion to strike [440] is denied as moot.

**CONCLUSION**

For the stated reasons, Taylor's motion for partial summary judgment [418] is denied.

E N T E R:

Dated: March 4, 2020

_____
MARY M. ROWLAND
United States District Judge