# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PERCY R. TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, *et al.* <br><br> Defendants. | Case No. 13-cv-1856 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendants Sheriff Thomas J. Dart, Zelda Whittler, Joseph Ways, and Cook County Sheriff's Office move to disqualify Dana Kurtz, Richard Linden, and Peter Bustamante, and their affiliated law firms from further representation of Plaintiff Percy Taylor ("Taylor"). For the reasons stated below, Defendants' motion [416] is granted in part and denied in part. The Court disqualifies Dana Kurtz, but not Richard Linden or Peter Bustamante.

**I. Background**

Defendants argue that Taylor's counsel secretively contacted and communicated with a former attorney of the Sheriff's Office, Mr. John Maher, who represented the Sheriff's Office Police Department at Taylor's *Loudermill* hearing in March 2011. Defendants contend that Taylor's counsel obtained privileged and confidential information from Mr. Maher directly related to this case, in violation ABA Rules 4.2 and 4.4(a). They also argue that Mr. Maher violated ABA Rule 1.9. In response, Taylor's counsel maintain that in contacting Mr. Maher, they took care to ensure that

1

no confidential or privileged information would be disclosed. They further argue that Mr. Maher's affidavit does not contain any information protected by the attorney-client privilege or the work product doctrine.

In this 2013 case, the background and procedural history has been discussed in prior opinions. *See Taylor v. Cook Cty. Sheriff's Office*, 2018 U.S. Dist. LEXIS 168573 (N.D. Ill. Sep. 30, 2018); 2019 U.S. Dist. LEXIS 159134 (N.D. Ill. Sep. 16, 2019). Relevant to the present motion, on May 14, 2018, Ms. Kurtz filed her appearance in this case. (Dkt. 203). On December 8, 2018, Ms. Kurtz contacted Mr. Maher, asking if he remembered Mr. Taylor's case. (Dkt. 416-15, Exh. O). In January 2019, Mr. Linden and Mr. Bustamante spoke to Mr. Maher about his affidavit. (Dkt. 370-1, Linden Aff.). In February 2019, Taylor's counsel produced Mr. Maher's affidavit (Dkt. 344-2, Mayer Aff.), which was three months after the close of discovery. *See Taylor*, 2019 U.S. Dist. LEXIS 159134, at *23.

Defendants filed the present motion to disqualify Taylor's counsel on April 10, 2019, and the motion is fully briefed.

**II. Standard**

The Court has discretion in deciding a motion to disqualify an attorney. *See Ross v. United States*, 910 F.2d 1422, 1432 (7th Cir. 1990). Deciding such a motion requires balancing "the sacrosanct privacy of the attorney-client relationship (and the professional integrity implicated by that relationship) and the prerogative of a party to proceed with counsel of its choice." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983). "[D]isqualification is a 'drastic measure which courts should hesitate to

2

impose except when absolutely necessary.'" *Id.* (citation omitted). The party moving for disqualification "bears a heavy burden of proving facts required for disqualification." *alfaCTP Sys. v. Nierman*, 2016 U.S. Dist. LEXIS 20496, at *10 (N.D. Ill. Feb. 19, 2016) (citation and quotations omitted). In a two-step analysis, the Court determines whether there has been an ethical violation, and if so, "the court then determines whether disqualification is appropriate." *Singer v. PrimeSource Health Grp., LLC*, 2018 U.S. Dist. LEXIS 102012, at *5 (N.D. Ill. June 19, 2018) (citations omitted).

### III. Discussion

#### A. ABA Rules 4.2 and 4.4(a)

Under American Bar Association Model Rule of Professional Conduct ("ABA Rule") 4.2, in representing a client, "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." ABA Rule 4.4(a) provides that "a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

As a judge in this district recently explained, "read together, [ABA] Rules 4.2 and 4.4 allow an attorney to communicate with a former constituent, but limits those communications to non-confidential and non-privileged information." *Harris Davis*

*Rebar, LLC v. Structural Iron Workers Local Union No. 1, Pension Tr. Fund*, 2019 U.S. Dist. LEXIS 17798, at *17 (N.D. Ill. Feb. 5, 2019).

### B. Ethical Violation

The Court finds that Taylor's counsel violated ABA Rules 4.2 and 4.4. While there is no general prohibition on communication with a former employee, those communications cannot disclose non-confidential and non-privileged information. *See Harris Davis Rebar, LLC*, 2019 U.S. Dist. LEXIS 17798, at *17. Mr. Maher was the Assistant General Counsel for the Sheriff's Office Police Department when Taylor had his *Loudermill* hearing. (*See* Dkt. 416 at 2; Mayer Aff.).[1] Mr. Maher represented the Sheriff's Office at that hearing that led to Taylor's termination and ultimately to Taylor filing this lawsuit.

Taylor's counsel do not dispute that they communicated with Mr. Maher about Taylor's *Loudermill* hearing and this case. Nor do they dispute that they did not alert defense counsel that they were reaching out and speaking to Mr. Maher. But, they argue, no confidential or privileged information was disclosed. Mr. Maher's affidavit belies this position. In his affidavit he states, "[i]n Taylor's case, management insisted that the hearing be conducted before all reasonable investigative leads were pursued and finalized, which I believe is unusual and not consistent with practice and procedure and accepted due process." (Maher Aff. ¶6). And, "[b]ased on the evidence,

---

[1] The exact dates of Mr. Maher's employment at the Sheriff's Office, as described by Plaintiff's and Defendants' counsel do not match, but that discrepancy is not material to the present motion.

there was insufficient evidence to proceed to a *Loudermill* hearing in Taylor's case." (*Id.* ¶8).

The statements in Mr. Maher's affidavit disclose information protected by the attorney-client privilege, work product doctrine, and/or his duty of confidentiality. The Court agrees with Defendants that the statements in paragraphs 5, 6, and 8 disclose Mr. Maher's mental impressions, conclusions, opinions, and legal theories concerning Plaintiff's *Loudermill* hearing. The ethical rules require attorneys to refrain from discussing confidential *or* privileged information. *See Harris Davis Rebar, LLC*, 2019 U.S. Dist. LEXIS 17798, at *17; *Chamberlain Grp., Inc. v. Lear Corp.*, 270 F.R.D. 392, 398 (N.D. Ill. 2010) ("it is generally an improper litigation tactic to use a disgruntled employee to secretly obtain non-public internal business documents from an opposing party.") (internal citations and quotation omitted); Restatement (Third) of the Law Governing Lawyers § 102 (2000) ("A lawyer communicating with a nonclient . . . may not seek to obtain information that the lawyer reasonably should know the nonclient may not reveal without violating a duty of confidentiality to another imposed by law.").

The information in Mr. Maher's affidavit is clearly information he only knew or learned by virtue of being counsel for the Sheriff's Office in Taylor's case. His affidavit reveals privileged information (e.g. "[i]n Taylor's case, management [Maher's client at the time] insisted that the hearing be conducted before all reasonable investigative leads were pursued and finalized") and his work product (e.g. "there was insufficient

5

evidence to proceed to a *Loudermill* hearing in Taylor's case."). Plaintiff's argument that Mr. Maher did not reveal privileged information is unavailing.

**C. Disqualification**

Having found Taylor's counsel violated the ethical rules, the Court concludes that the circumstances warrant disqualification of Ms. Kurtz, but not Mr. Linden and Mr. Bustamante. On November 14, 2018, Judge Pallmeyer disqualified Ms. Kurtz in another case under similar circumstances. (*see* Dkt. 416-26; *Nawara v. County Of Cook et al.*, 17-cv-02393). Less than one month later, Ms. Kurtz reached out to Mr. Maher. She not only contacted a former employee of the Defendant, she contacted a former *attorney* of the Sheriff's Office who had privileged and confidential information about Taylor's case. Clearly Ms. Kurtz did not reach out to Mr. Maher simply to find out how *Loudermill* hearings generally work. She asked him about "*this case*". (Dkt. 416-15) (emphasis added).

These facts also distinguish this case from the *Harris Davis Rebar* case. There, the court found an ethical violation, but did not believe the circumstances warranted disqualification. In that case, the former employee was not a former attorney for the party, and in addition, the court "accept[ed] the representations by the Fund's counsel that they researched the ethical and legal implications of doing so and believed themselves justified." 2019 U.S. Dist. LEXIS 17798, at *20. Here, by contrast, Ms. Kurtz had been disqualified from another case a mere three weeks before she reached out to Mr. Maher for purposes of getting information for this case, engaging in the same conduct that resulted in her disqualification in *Nawara*.

Ms. Kurtz's disciplinary history and the express warnings from the Seventh Circuit Court of Appeals make this case even more troublesome. In *Rojas v. Town of Cicero*, the Seventh Circuit advised the district judge to "consider Kurtz's disciplinary history, which is substantial", and further stressed that "Kurtz's unwillingness to conform her conduct to requirements laid down by judicial orders or rules of procedure is unlikely to change unless courts respond firmly." 775 F.3d 906, 909-10 (7th Cir. 2015). *See also Fuery v. City of Chi.*, 900 F.3d 450, 468 (7th Cir. 2018) (affirming decision to sanction Kurtz and her client explaining "[w]hen an attorney repeatedly violates the standards and oaths of the profession, then a court may take notice of that attorney's disciplinary history when evaluating whether sanctions are appropriate.").

Ms. Kurtz and her firm are disqualified from this case. However, the Court will not disqualify Richard Linden and Peter Bustamante and their firms. Mr. Linden and Mr. Bustamante have been counsel for Taylor since March and April of 2017, respectively. (Dkts. 143, 146). In response to the disqualification motion, Mr. Linden filed a declaration stating that he and Mr. Bustamante spoke to Mr. Maher in January 2019, for the first time. (Linden Aff. ¶¶ 29, 33). The Court credits that statement. The emails between Ms. Kurtz and Mr. Maher (Dkt. 416-15), establish that Ms. Kurtz initiated contact with Mr. Maher. Certainly this Court is troubled by Mr. Linden's and Mr. Bustamante's decision not to halt the communication with Mr. Maher or disclose to defense counsel what they were doing, but the Court does not view their conduct to be as serious as Ms. Kurtz's.

In addition, the Court considers that disqualification can impede a party's ability to proceed with counsel of his choice and inevitably disrupts the litigation. *See Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 719 (7th Cir. 1982). This case involves a single plaintiff, has been pending nearly seven years, and is set for trial soon, so the Court seriously considers the impact of leaving Mr. Taylor without an attorney at this stage of the litigation. Mr. Linden and Mr. Bustamante have been Mr. Taylor's counsel for longer than Ms. Kurtz. As described in Mr. Linden's affidavit, he and Mr. Bustamante are Taylor's "primary counsel", and "[u]ntil recently, Ms. Kurtz had minimal involvement in this case." (Linden Aff. ¶¶ 19, 22). Therefore, considering the particular circumstances in this case, the Court does not believe disqualification of Mr. Linden and Mr. Bustamante is warranted. Ms. Kurtz is to have no further involvement in the case or contact with Mr. Linden, Mr. Bustamante or Mr. Taylor about this case.

### D. Taylor's Objection to Submission of Exhibits for In-Camera Review

Taylor filed a motion objecting to Defendants submitting *ex parte* exhibits [406] in connection with this motion. The Court did not rely on any of the exhibits submitted for *in camera* review in order to reach the decision in this opinion. The motion [406] is denied as moot.[2]

### IV. Conclusion

For these reasons, motion by Defendants Sheriff Thomas J. Dart, Zelda Whittler, Joseph Ways, and Cook County Sheriff's Office to disqualify [416] is granted in part

---

[2] The Court has destroyed the documents provided to be reviewed *in camera*.

and denied in part. Taylor's motion [406] is denied as moot. The Court disqualifies Dana Kurtz and her firm, but not Richard Linden or Peter Bustamante and their firms.

E N T E R:

Dated: March 4, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge